THE CLEVELAND RAILWAY CO. *v.* NICHOLSON.

*Negligence — Ordinary care — Intoxication — Question for jury — Contributory negligence — Last clear chance — Charge to jury — Issues raised by pleadings or by evidence.*

1. Every person is required to exercise ordinary care in the avoidance of danger, and voluntary intoxication is no excuse for failure to perform such obligation.
2. Where in a street railway accident the injured party was prior to and at the time of such accident under the influence of liquor, it is a question for the jury whether or not such party under the circumstances exercised or was capable of exercising ordinary care.
3. Where such party remains on the track in front of his or her automobile, with full knowledge of the approach of an electric car, such conduct constitutes contributory negligence on the part of the injured party and will bar a recovery.
4. The doctrine of the "last clear chance" applies only where a party saw or by the exercise of ordinary care could have seen the injured party in time to have prevented the accident.
5. Where the issue of contributory negligence is presented either by the pleadings or the evidence, or both, such issue should be submitted to the jury under proper instructions from the court.

(Decided July 3, 1919.)

ERROR: Court of Appeals for Cuyahoga county.

*Messrs. Squire, Sanders & Dempsey,* for plaintiff in error.

*Messrs. Howell, Roberts & Duncan,* for defendant in error.

VICKERY, J. This cause comes into this court on a petition in error to the common pleas court of Cuyahoga county, to reverse a judgment in the sum of $2,000 obtained by Clara Nicholson against The Cleveland Railway Company. Various errors are alleged as reasons why such judgment should be reversed, but only three have been really urged in this court in oral argument; they are, first, the verdict is not supported by sufficient evidence; second, error in the charge of the court; and, third, the refusal of the court to charge as requested by the railway company.

The action arose in this way: Mrs. Nicholson, on the day of the injury, started out with a friend, Mrs. Garnhart, in a Ford automobile, to visit some friends on the west or south side of the city, and they stopped several times on their way at various saloons, where they drank whiskey and beer, and when they reached their destination they were regaled with more whiskey and beer. Eventually they started home, but it was after dark and was raining very hard. When they reached a point on Scranton avenue, on the south side of the city, the automobile became stalled on the tracks of the railway company. The record shows that one of the characteristics of a Ford automobile is that when it is stalled, the electric lights go out. This automobile, not being equipped with oil lamps, then stood on the tracks in the midst of a heavy rain, at night,

in total darkness, except what might have come from the street lamps, and just where the lamps were located and how much light they reflected upon this particular spot is a matter of dispute. But while the automobile was in this position a Cleveland railway car turned on to Scranton avenue from Clark avenue, coming toward the place where the automobile was stalled, in the dark, and ran into it and smashed it somewhat, and the plaintiff, having alighted from the automobile in order to crank it, and being in front of it, was injured also, which accident, both to the automobile and to herself, resulted in the suit at bar and the judgment which is sought to be reversed.

Different minds might disagree as to whether the evidence was such as would warrant the verdict, and we might not be able to say that it was error in the trial court not to have granted the motion for a new trial, nor are we able to say that there was error in the general charge of the court. It is claimed that it was insidious and insinuating. If it was, it must have been in the tone of the voice of the trial judge, or else in the manner of emphasizing words, for the charge reads very well, and all the questions touched on were ably handled, and so we can not say that there was error in the general charge; but we think nevertheless the judgment must be reversed for the reasons which we now give.

After the general charge of the court the railway company by its counsel asked the court to give the following:

"1st. If you find that the plaintiff was immediately, prior to and at the time of the collision

under the influence of liquor, it will be your duty to take that fact into consideration in determining whether the plaintiff exercised or was capable of exercising ordinary care under the circumstances, and if you find she did not exercise such care, or was not capable of doing so by reason of such intoxication, she was negligent, and if such negligence caused or contributed to cause a collision, your verdict must be for the defendant."

It will be remembered that the evidence showed that the plaintiff had been drinking quite considerably in the afternoon, and there is evidence in the record to show that at the very time of the accident she showed evidence of at least partial intoxication, and we think under the circumstances this was a proper request, and the court not having taken care of that in his general charge, this request, or the substance of it, should have been given, and it was error not to have done so.

"Every person is bound to an absolute duty of exercising his intelligence to discover and avoid dangers that may threaten him, and intoxication voluntarily produced can constitute no excuse for a failure fully to perform this obligation. He is bound to exercise his intelligence and activity in full measure, and if it appears that from voluntary drunkenness he has deprived himself of capacity so to do, and that as a result he has suffered an injury, he will be denied legal redress therefor. * * * The question arising upon this issue is generally one for the jury's determination. But evidence is always admissible to establish drunkenness at the time of the injury complained of, unless, indeed, it should be conceded or conclusively es-

tablished that the injured person did everything for his protection that he could have done if sober." 20 Ruling Case Law, page 127, Section 107, and cases cited.

Now, as to the second request, which was as follows:

"The plaintiff admits that she knew the car was coming, and yet remained in front of the machine where she claimed she was subsequently knocked down by the collision. The Court charges you that if you find under these circumstances she was guilty of negligence in so remaining in that position, contributing directly to produce the collision, your verdict must be for the defendant on the question of injury to the plaintiff, and you shall, in that event, award no damages to plaintiff on account of personal injuries."

We think this request should likewise have been given, for it will appear from the record that the plaintiff admitted that she knew the street car was bearing down on her automobile, and notwithstanding that fact she remained in front of it, trying to crank it, when she had ample time to get into a place of safety and neglected so to do. It will be remembered that the doctrine of the last chance was invoked in this suit, and was charged by the court, and the verdict could be based on no other theory than that of the doctrine of last chance.

Now the doctrine of last chance could apply, if at all, only so far as injuries to her automobile were concerned, for, if the motorman did or should have seen the automobile standing on the track, there is no evidence that he did or could have seen the plaintiff in front of the automobile; and her

admission and the evidence in the record plainly showed that she knew that the street car was coming down on her, and her apparent negligence in thus staying, she having ample time to get away and choosing to stay in a place of impending danger, surely amounted to a continuing act of negligence and the concurring cause of the injury to the extent of her personal injuries. As the petition asked only for $59 for injuries to her automobile, the greater or almost the entire amount of the verdict must have been for her personal injuries, which, under the record, the jury might have found were the result of her own hardihood and foolishness in staying in a place of danger. Therefore, this second request should have been given.

We understand that the court refused these requests on the theory that as the original answer did not plead contributory negligence the defendant was compelled upon order of the court to set up its grounds of claimed contributory negligence before it was permitted to introduce evidence to show any contributory negligence, and as neither of the grounds set up claiming contributory negligence were the ones called for to make these two requests proper, the court held that the railway company could not avail itself of them. We do not so understand the law. We understand the rule to be as laid down in *Rayland Coal Co.* v. *McFadden, Admr.,* 90 Ohio St., 193, where the court say, in substance:

"But where the evidence shows that both parties are guilty of negligence which contributed to the injury even though the answer is a general denial,

the Court must properly charge on contributory negligence."

We think the law of Ohio at the present time may be stated thus:

If contributory negligence is brought into the case, either by the pleadings, or by the evidence when that issue is not raised by the pleadings, contributory negligence must be submitted by the court to the jury under proper instructions from the court. *Latham* v. *Columbus Ry. & Light Co.,* 8 N. P., N. S., 188-9; *Dory* v. *Sebald,* 15 N. P., N. S., 302; *C., H. & D. Ry. Co.* v. *Levy, Admr.,* 8 C. C., N. S., 353, 356; *Cincinnati Traction Co.* v. *Forrest,* 73 Ohio St., 1; *Cincinnati Traction Co.* v. *Stephens,* 75 Ohio St., 171; *Glass* v. *William Heffron Co.,* 86 Ohio St., 70; *Behm* v. *C., D. & T. Traction Co., Id.,* 209, and *Rayland Coal Co.* v. *McFadden, Admr., supra,* and a number of decisions rendered by our own court.

An examination of these authorities will show the law to be as stated above, and if the answer of the defendant only sets out some claims of contributory negligence, and the evidence shows more, surely if the rule be that if there is no pleading the defendant shall have the advantage of contributory negligence when the evidence brings it into the case, then defendant ought not be barred of the advantage of contributory negligence shown by the evidence if he has not been broad enough in his claims in the pleading; particularly must that be so when the court, against the will of a party, compels him to plead something, when under the authorities he might introduce the evidence though no pleading set it up.

Therefore, for failure to give these two requests after argument, or the substance of them, the general charge not having covered the questions raised by these two requests, the case should be and is hereby reversed and remanded to the court of common pleas for further proceedings in accordance with law.

*Judgment reversed and cause remanded.*

DUNLAP, P. J., and WASHBURN, J., concur.