**ASSOCIATION OF ARMY & NAVY STORES, INC v SCHAENGOLD et**

Ohio Appeals, 1st Dist, Hamilton Co

No 4071. Decided May 9, 1932

Taft, Stettinius & Hollister, Cincinnati, for plaintiff in error.

Nichols, Morrill, Wood, Marx & Ginter, Cincinnati, for defendant in error.

competent until the foundation is first laid by inquiring of the witness sought to be impeached as to whether or not, at some time and at some place and to some person or persons, as definitely fixed or named as may be, he did not make some particular contradictory statement, advising the witness, at least in substance, what such statement was." **Radke v State of Ohio, 107 Oh St, 399,** syllabus, paragraph 3.

To the same effect is the text in §221, 28 R.C.L., page 636.

The plaintiff in error failed to ask concerning a definite statement, failed to mention the place, and left a wide scope as to the time when the statement was supposed to have been made. No error, prejudicial to plaintiff in error, therefore, intervened, and the judgment must be affirmed.

HAMILTON and CUSHING, JJ, concur.

### ROSS, PJ.

Statements against the interest of defendant in error could have been proved against him directly without laying any foundation for impeachment. **DeGroodt, Exrx, etc v Skrbina, Admr., 111 Oh St, 108, 111; 17 Ohio Juris., §235, p. 303; 28 R.C.L., §221, pp. 636, 637.**

While some attempt was made in this direction, the effort was abandoned, upon the erroneous adverse ruling of the court, and no exception was taken.

The plaintiff in error then attempted to lay the foundation for an impeachment, but in so doing failed to comply with the well-established rules concerning special impeachment.

"Evidence relating to special impeachment tending to contradict some statement made by a witness in a cause on trial is not