# WITHERSPOON v IRONS

Ohio Appeals, 7th Dist, Mahoning Co

Decided Oct 5, 1934

Charles Koonce, Jr., Youngstown, for plaintiff in error.

William E. Pfau, Youngstown, for defendant in error.

**OPINION**

By SMITH, J.

The plaintiff in error has ten separate assignments of error in his brief, the first of which is that the court erred by overruling the motions of the defendant at the end of plaintiff's evidence and at the end of all the evidence for a directed verdict in his favor. One of the reasons urged for this is that there is an ordinance of the City of Youngstown that covers the crossing on the sidewalk, providing the manner in which to cross such intersection. It is claimed there was a violation on the part of the plaintiff in this case of that ordinance. The evidence in this case shows that she was between five feet and ten feet from the intersection when she started across and that when the car struck her she was thrown a distance of six or seven feet, and that she was lying probably ten or fifteen feet from this intersection after the accident.

It seems to us that counsel for the plaintiff in error in this case in claiming and urging the violation of this ordinance has not fully appreciated the fact that the intersection in question is not a sidewalk but is a line, and that passing a distance of five to ten feet from this line intersection would be within the distance of the average sidewalk in a congested district. It seems to us that the pedestrian having gotten off of this bus on the north side of Federal Street, intending to take the street car on the south side of Federal Street, was compelled to cross this street to do so. The only person who saw her at the time she started across the street was Stella Davis. She says that she herself had walked within five or ten feet of the corner and the plaintiff came to the same place where she was and started across the street within five or ten feet of the intersecting line of the street running east of the Public Square.

It seems to us crossing the street at that point and near that line would not

be a violation of this ordinance. Plaintiff relied upon the testimony of two police officers who interviewed the plaintiff in the hospital a short time, within an hour or an hour and a half after the accident, while she was in the hospital, and that without having any written record of the statements made by her, testified at this trial,—I forget the length of time, but many months afterwards,—that she orally said to them that it was raining and she had her head down and was not looking where she crossed. That is the only testimony there is as to that phase of this case, and we do not feel that it is entitled to much weight under the condition and circumstances. Therefore, those being the two things urged by counsel for plaintiff in error as to the first assignment of error, we do not feel that it is properly sustained.

The second assignment is that said verdict and judgment are against the clear weight of the evidence and are contrary to the law and the evidence. We have read this record and the undisputed evidence in this case of Stella Davis, of where she crossed this street and the place where she walked, and the fact that she had to run to get out of the way of the automobile herself, and also that the fact of the testimony of the defendant as to the manner in which he turned into this cross street, Federal Street, we do not feel that this claim is well taken. We think that the evidence in this case warranted the submission to the jury. The jury after hearing all the evidence, returned a verdict in this case. We are unable to say the verdict is against the manifest weight of the evidence.

The defendant at that time turning into this street, was subject to the regulations of §6310-24 GC, which is as follows:

"A vehicle turning to the left into an intersecting road or highway shall pass to the right of the center line of the road or highway upon which the vehicle has been traveling where such highway enters the intersection, and when leaving the intersection shall pass to the right of the center line of the highway being entered."

The fair construction of the testimony of the defendant in this case is that he did not pass to the right of the center line of East Federal Street before turning to the left from the street running east of the Public Square, into East Federal Street, He claims, however, that the accident occurred some thirty-five or forty feet after he had turned into Federal Street. In our opinion the great weight of the evidence is against this contention. We therefore find that this accident occurred as the defendant was in the act of turning into East Federal Street, in violation of the foregoing statute.

Now, two interrogatories were submitted to the jury in connection with this verdict. It is claimed by the defendant in his petition in error, first that the answer to interrogatory No. 1, returned by the jury with its general verdict herein, is not sustained by any evidence and is against the clear weight of the evidence. The interrogatory is as follows:

"Where, with reference to the switch points of the track leading from the east bound track on Federal Street in the Public Square around the north half of the Public Square was the plaintiff crossing at the time of her collision with the Witherspoon car November 9th, 1932?"

The jury answered that:
"33 feet east of the switch points."

It is claimed that there is no testimony in this record supporting that finding of the jury. The record shows that testimony was introduced by the defendant that he had, in company with his counsel, made a measurement of the distance from the switch points to the intersection of the street running along the easterly side of the square, and that the distance was 43 feet. The testimony of Mrs. Davis is that the plaintiff was crossing this street within five feet to ten feet of the intersection of Federal Street with the street running east of the Public Square. Taking the ten feet from forty-three feet would leave thirty-three feet. We believe that evidence in the record supports this finding of the jury.

The fourth error assigned is that the answer to interrogatory No. 1, returned by the jury with its general verdict herein, requires, as a matter of law, a verdict and judgment for the defendant below, plaintiff in error here. I assume, and it is urged in this case in argument, that due to the fact that the plaintiff was going across this street a distance of between five feet and ten feet from the intersection, shows a violation of the ordinance in this case, which defendant claims is negligence per se. We have indicated our conclusion in regard to that a few moments ago, when indicating that she had a right to walk within the distance of the width of the average sidewalk in that vicinity, and that five to ten feet would not be an unreasonable distance.

We believe that counsel for defendant

has failed to take into consideration that the intersection of the westerly line of the street going east of the Square, with Federal Street at that point, is a line and not a sidewalk. Surely, counsel would not contend that it was necessary for her to cross directly on that line. This would be a regulation that would make it impossible for anyone to use that method of crossing the street. We believe pedestrians passing at that point have a right to a reasonable space within which to pass, and we believe that regulating that space by the width of the sidewalks in that vicinity is reasonable.

The fifth is that the court erred in giving plaintiff's · request to charge before argument No. II; that is, that:

"The court says to you as a matter of law that the plaintiff in this case had a legal right to cross Federal Street within the Public Square, provided she did so at a place which was at or near the intersection of said Federal Street and the highway leading along the easterly side of the Public Square."

There was some question as to the propriety of using the word "near" in connection with this instruction. It is probable that the court in giving this request to charge took into consideration or labored under the same confusion that counsel for defendant evidently did in referring to this intersection as a line. If you consider this charge from that standpoint as being the westerly line of the street running east of the Public Square, the instruction as to being on or near to it would be proper. If, however, it was a sidewalk intersection that was being considered, we doubt the propriety of using the word "near" in that connection, instead of being at or in the intersection. We do not believe, however, that this charge would be reversible error.

The sixth assignment of error is that the court erred in giving plaintiff's request to charge before argument No. 5, which is:

"A pedestrian has the right in the exercise of ordinary care, to cross a street at an intersection no faster than a walk. She is not compelled to run, or to dodge and scramble to avoid collision with automobiles. She has a right to assume, in the absence of knowledge to the contrary, that the driver of a motor vehicle in the street will himself be obeying the traffic laws of the state of Ohio, and be exercising ordinary care, so that he will have his car under such control, at the intersection, so as to be able to stop within a reasonable distance and avoid injury to her."

It is claimed that this charge was improper, in that it was based on the assumption that the plaintiff crossed said street at a street intersection, without first submitting to the jury the question as to whether or not in fact she did cross at said street intersection, and second, that it charges the jury that a pedestrian has the right in the exercise of ordinary care to cross a street at an intersection no faster than a walk, and that she is not compelled to run, or to dodge and scramble to avoid collision with automobiles, without first having charged the jury as to her obligation to have looked effectively for the presence of. approaching traffic. Now, we do not feel that the error urged as to this request to charge is well taken. It is earnestly urged in this case that the plaintiff had not kept a proper lookout. It is earnestly urged that she in her testimony at one place stated when she started across she saw these automobiles and she kept her eye on them as she was going through. She made the statement also that she was looking out for her own safety while crossing and that she was not paying entire attention to the automobiles.

The same traffic light, when it turned green, that gave defendant the right to proceed north into Federal Street, also gave plaintiff the right to proceed south into Federal Street. She was crossing Federal Street at a place where she had a right to do so. Defendant also started north into Federal Street at a place where he had a right to do so. Both plaintiff and defendant were charged with the exercise of ordinary care. When defendant started north into Federal Street, the plaintiff had a right to assume he would continue north and cross the same until such time as she in the exercise of ordinary care knew or ought to have known he intended to turn west on Federal Street. It was his duty in so doing, to keep to the right of the center line of that intersection and not turn west until after having passed the center thereof. Ordinary care to be exercised by the defendant in deviating from his · course in turning west into Federal Street is a higher degree of care than would have been required of him had he continued north across Federal Street. The defendant had a right to turn west on Federal Street and cross the portion of said street where pedestrians had a right to cross this street from north to south, but in doing so he should have exercised ordinary care to prevent injury to the pedestrians rightfully using said cross-way. The record shows that defendant did not pass beyond

the center of said intersection before turning to the west on Federal Street and we find he was negligent in not so doing. The ordinary care to be exercised by both plaintiff and defendant in this situation was that degree of care that ordinarily prudent persons are accustomed to use under the same or similar circumstances.

Defendant's counsel urges that the giving of request to charge No. 6, before argument, was prejudicial error:

"The law charges the defendant in this case with the duty to exercise ordinary care to keep a reasonable lookout ahead, and the law presumes that the defendant saw that which in the exercise of ordinary care he should have seen, and I say to you as a matter of law that a failure on the part of the defendant to exercise ordinary care in keeping a lookout, or a failure on the part of the defendant to see that which the law presumes he should have seen, would be negligence on his part."

Counsel claims that this charge fails to take account the right which the defendant had to assume that the provisions of the ordinance hereinbefore referred to would be complied with by pedestrians in crossing said street. We do not believe that claim is well taken.

The eighth error urged is that the court erred in its general charge in defining street intersection. The portion of the charge herein challenged is found on page 295 of the record, as follows:

"Now, members of the jury, it becomes my duty now to instruct you upon what is a street intersection, 'and I have such instruction here in pencil form and I am going to read it to you. I am undertaking now to tell you what the law is as to the meaning of the term 'intersection', and its meaning is as follows: A street intersection means near, in or on a mathematical line at which the north and south lines of one street cross the east and west lines of another street, where a person acting reasonably and prudently would have a right to step for the purpose of crossing the street upon which he was proceeding."

That is challenged, especially from the standpoint of the use of the word "near." We referred to the use of the word "near" in connection with the request to charge No. II, and we take the same position in regard to the use of it in the general charge, and we feel that aside from that there could be no objection to the charge. We doubt the propriety of using the word

"near" in a definition of that kind unless taking it in connection with this particular situation and circumstances, whereby it might be referred to as being a line instead of being the cross walk.

The ninth assignment of error urged is that the amount of damages assessed by the jury in its verdict and the judgment rendered thereon is excessive. The judgment in this case is $10,000. The testimony of the plaintiff shows that she has been incapacitated for a long time. The doctors say that the condition of her knee is permanent. There is some limited motion in it but it is approximately ankylosed, and also it is testified that there is a portion of the lubricating or joint surface being the membrane that goes over the end of the bone that permits the joints to move without friction. A portion of this surface is gone and can not be replaced. This is the cause of considerable pain and limitation of motion. It is urged in this behalf that she had osteoarthritis prior to the accident. The injuries received in this accident would greatly aggravate that condition. The record shows that prior to the accident she had been able to take care of her house work. I think she had two children at home and had been able to do all her housework. There is no testimony here that indicates that she was in any way incapacitated prior to the accident from the performance of her regular duties of a housekeeper. In reading over the medical testimony, the manner in which she was injured, the permanency of the injuries she received, the extent thereof and the testimony of the doctors, we are unable to find that the verdict in this case is excessive.

Having reached this conclusion as to the errors that have been assigned and argued in this case, it is the opinion of this court that this case should be and hereby is affirmed.

Judgment affirmed.

ROBERTS and LYNCH, JJ, concur in the judgment.