## CINCINNATI ST RY CO v BARTSCH

Ohio Appeals, 1st Dist, Hamilton Co

No 4683.  Decided Jan 14, 1935

DeCamp, Sutphin & Brumleve, Cincinnati, for plaintiff in error.

Edward M. Ballard, Cincinnati, and Rubenstein & Falk, Cincinnati, for defendant in error.

## OPINION

·By ROSS, J.

This theory and charge ignores completely the fact that the Street Railway Company owned and operated the street car. It is perfectly obvious that any vehicle could be allowed to make so much noise that the operator thereof could not hear sounds which he should hear in order to free himself from a charge of negligence.

The jury evidently found that an ordinarily prudent person, in spite of the claimed obstruction to vision and the noise of the street car, should have become aware of the approach of the patrol in time to avoid the collision therewith; and a reading of the record convinces us that they were amply justified in this conclusion.

Drivers of automobiles proceeding westwardly on the north side of Fourth Street, which vehicles the street car passed going into the intersection, halted their automobiles, although the light was in their favor, because they heard the alarm of the patrol and saw it approaching southwardly on Plum Street. If the motorman had been equally alert, the collision would have been unquestionably avoided. That the street car was making an undue amount of noise, due to its speed, or otherwise; only placed a greater duty of care upon the operator of the street car. To permit the noise of the company's vehicle to excuse the hearing of that which otherwise the motorman should have heard, is to permit the defendant Railway Company to escape the effect of one form of dereliction through the presence of another.

This view of the case justified the conclusion of the jury, whatever was the condition of the traffic lights, whether favorable to the Railway Company or not. Obviously from an examination of the plats and evidence, the patrol was visible to the motorman for a sufficient period to permit him to stop and avoid the collision. Just as obviously the sound of the alarm could have been heard by him for a much longer period, had he been listening or able to hear. The presence of police patrols and fire apparatus upon downtown streets, moving at rapid rates across street intersections, is not so unusual as to be completely ignored by the operators of vehicles approaching intersections, simply because the traffic light may be in their favor. It must be continuously borne in mind also that this is not a contest between the Street Railway Company and the City of Cincinnati, nor one in which the relative failure to exercise care on the part of either is to be weighed as against the claim of an innocent bystander upon a sidewalk, wholly unaware of any semblance of peril to him in such apparent position of safety. If the Street Railway Company was negligent in any respect and that negligence proximately caused the injuries to plaintiff, he may recover, no matter how negligent the City may also have been.

We now take up in detail the several assignments of error:—

I. It is claimed that the court in the general charge failed to state that if the collision occurred solely through the negligence of the city, the plaintiff cannot recover. We can see no error in such failure, even if there was a failure, in view of the fact that the jury was carefully charged that they must find that the Street Railway Company was negligent in some respect before there could be a recovery by the plaintiff.

Counsel, while adddressing his criticism to the general charge, overlooks the fact that, at his request, the jury was fully instructed in the respect he mentions when the court gave defendant's special charges ·Nos. 2 and 5:

"2. The court charges you that the burden of proof rests upon the plaintiff to prove by the preponderance of the evidence, that is, the greater weight of the evidence, that the defendant was guilty of negli-

gence in one or more of the respects set forth in the petition that proximately caused injuries of which he complains. If you find that the evidence is equally balanced. or if you find that the proximate cause of the collision was the negligence of the operator of the auto patrol, **and not any negligence on the part of the defendant**, then the plaintiff cannot recover and your verdict must be for the defendant." (Black face ours).

"5. The court charges you that if you find that the proximate cause of the collision was the operation of the police patrol through the intersection at Fourth and Plum Streets against red or amber lights, and not through any carelessness or negligence on the part of the defendant, then the plaintiff cannot recover and your verdict must be for the defendant."

II. It is claimed the court erred in not clearly defining the term "proximate cause". No request appears in the record, or claim that request was made for amplification of the terms used. The charge as given was not essentially erroneous. That it might have been amplified is not in itself error. A definition was given of proximate cause. If it was not satisfactory to the defendant, complaint should have been made at the time.

III. It is claimed the court erred in admitting certain exhibits purporting to recite ordinances of the City of. Cincinnati. The certificate was defective, in that the copies attached to the certificate were not certified as "Ordinances" of the City of Cincinnati but simply copies of "books, papers and journals."

In his reply brief, counsel for plaintiff in error makes the following significant statement as to these ordinances:

"We appreciate, of course, that this court knows as individuals that these sections offered as ordinances are ordinances in the City of Cincinnati, but we insist that this court has no right to substitute this knowledge for legal proof of this fact. The court would thereby violate definite and settled rules of law. We are within our rights to stand upon this law and we do so without any hesitation whatever because the trial court ignored our main defense that the motorman had a right to go into the intersection on the green light in compliance with §74-102 of the Ordinances of the City of Cincinnati and because of misconduct of counsel in his opening statement and in his final argument to the jury."

It is also significant that counsel nowhere in the record or briefs suggest that the improperly certified ordinances were not such in effect at the time of the collision. On the other hand, while objection was made to their introduction for formal as well as substantial reasons (which latter are abandoned) the record shows that counsel for plaintiff in error treated them as valid ordinances. We quote from the record:

"Mr. Brumleve: I will read it to the jury. Mr. Ballard: It has been read to the jury.

Mr. Brumleve: I have a right to read it in my own case. (Defendant's exhibit No. 5 read to the jury). These other ones I have are the same ordinances Mr. Ballard offered in evidence, so it would be foolish to encumber the record by putting in the certified copies which I have.

The Court: All right."

Sec 11364 GC provides that in every stage of an action the court must disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse party. In State of Ohio v Moon, 124 Oh St, 465, the Supreme Court in construing the effect of a statute requiring the trial court to charge the jury that it must not consider the punishment, held that a failure to do so did not affect the substantial rights of an accused in view of the provisions of §13449-5, GC, requiring that a judgment of conviction shall not be reversed unless it shall affirmatively appear from the record that the accused was prejudiced thereby or was prevented from having a fair trial. If a conviction may not be set aside for such error, it seems to us still more apparent that a verdict in a civil case, based upon substantial, supporting evidence should not be disturbed in view of the provisions of the companion statute applying to civil cases, noted supra.

IV. Plaintiff in error claims the court committed error in failing to give its special charge No. 7, as follows:

"The court charges you that if the motorman of the street car that was traveling west on Fourth Street entered the intersection of Fourth and Plum Streets on the green light he had the right to complete his movement through the intersection in a careful manner, even though the amber light came on before such movement was completed, and he had the right of way to cross said intersection in advance of the auto patrol if you further find that said

auto patrol was being driven at a speed that was not reasonable or proper under all conditions then existing."

The effect of this charge was to state to the jury that if they found that the patrol was driven at an excessive speed, then the motorman had the right to operate the street car across Plum Street in any event, even though he saw a crash was imminent, and even though he heard or should have heard the warning alarm. It states to the jury in effect that if the Street Railway Company has a defense against an action of the City against it for negligence, the same defense is available against the claim of an innocent bystander injured by a failure of the Street Railway Company to use reasonable care to avoid the collision. The Street Railway Company has a duty to use such reasonable care in the operation of its cars as not to cause injury to anyone, whether he be passenger, operator of a vehicle or pedestrian.

The record in this case proclaims the failure of the employe of the Street Railway Company to heed the warning of the approach of the patrol. The Company answered by saying he did not hear because of the noise its own vehicle made and that the city was negligent in the operation of the patrol at a high speed and against the traffic lights. It is clear to us that the plaintiff would not be a cripple today had the motorman heard or heeded the warning signal, and it was within the function of the jury to find that there was a failure to exercise reasonable care upon the part of the Street Railway Company, when its employe either failed to hear the warning signal when he should have heard it, or was prevented from hearing it by the peculiar nature of the vehicle furnished him to operate. The special charge completely ignores this construction of the law which we consider applicable to the instant case.

V. Plaintiff in error's special charge No. 3 was refused. It is as follows:

"The court charges you that when you deliberate as to whether or not the motorman was negligent in failing to hear a siren, if any, that was blown by the auto patrol, you must test his conduct only by what ordinarily prudent persons would hear or would not hear under the same or similar circumstances in which the motorman was situated. His conduct is, therefore, to be tested by what ordinarily prudent persons would hear while on and operating a street car on Fourth Street at and just preceding this collision, and not by what ordinarily prudent persons would hear while

walking on Fourth Street or Plum Street, or seated in a standing automobile, or located in a building with transoms or windows open, at or just preceding this collision."

A reading of the charge is sufficient to demonstrate the fallacious attitude of the plaintiff in error. This, as has been said before, is not a suit against the motorman personally. It is an action against the Street Railway Company. It is not a question what a prudent person could hear in the operation of a noisy street car—it is what the employe of the Street Railway Company should have heard—or reasonably been able to hear. The requisite care applicable to the situation involved cannot be limited to any particular one of the senses. If he could not hear, then it was his duty to proceed more cautiously in order that he might see and see from such a point of vantage as to render an apprehension of danger of value in avoiding it. We do not hold of course that plaintiff in error is guilty of negligence as a matter of law in proceeding across the intersection wholly depending for security upon the green light in its favor. We do hold, however, that it was a question for the jury to determine whether the requisite care was used in proceeding under all the circumstances, taking into consideration that both fire and police vehicles moving at rapid rates are present upon the streets—the difficulty apparent in hearing the warnings given by them, by those upon the street car in operation, and the consequences possible to innocent pedestrians upon the sidewalks of the city, if the proper care was not used to avoid collision with these. The special charge ignores these factors completely.

VI. It is claimed the verdict was given under passion and prejudice and is excessive. The amount was $30,000.00. This was reduced to $20,000.00 by the trial court. The plaintiff will according to the evidence be a cripple for life. It is probable that his leg must be amputated. The contingency to avoid this is to graft some four inches of bone in one of his legs. Infection has been present for some time. He has spent many months in hospitals, has been repeatedly operated upon, and has suffered almost continuously since the accident. He is indebted for large sums of money for hospital and surgical treatment. We find no evidence that the verdict is excessive, or was prompted by any motive other than one to compensate for loss incurred.

VII. Certain misconduct of counsel for defendant in error is claimed. Without re-

viewing the entire matter at length, we conclude that in view of all the circumstances involved no prejudicial error intervened in this respect.

VIII. As indicated hereinbefore, our conclusion is, that the verdict is not against the weight of the evidence.

It must not be overlooked that the jury were justified in finding that a speed lower than that constituting one presumptively unreasonable and unlawful, may have been found to be unreasonable and consequently in violation of law, if it was greater than that warranted, taking into consideration the closely built-up character of the neighborhood, the condition of traffic, the surface and width of the street, **and any other conditions then existing,** such as the difficulty in seeing up the intersecting street. The jury may well have found the mute evidence of the photographs, showing the damage to the patrol, the ruts in the asphalt, the distance the vehicles traveled after the impact, as well as other evidence indicating the force of the collision, indicated a speed upon the part of the street car wholly unreasonable and unlawful, considering that the air in the vicinity of the intersection was literally vibrating with the noise of the police patrol alarm for some time.

For the reasons given, the judgment is affirmed.

HAMILTON, PJ, concurs.