JACKSON ET AL., APPELLANTS, *v.* MANNOR, APPELLEE.

(No. 7457—Decided June 18, 1951.)

Mr. *Smith H. Tyler, Jr.,* for appellants.
Messrs. *Long & Bloom* and Mr. *Charles Long,* for appellee.

*Per Curiam.* This is an appeal from the Municipal Court of Cincinnati, which court rendered judgment for the defendant, Chollie Mannor, upon his cross-bill of particulars for the damage to his automobile caused by a collision with the automobile of the plaintiff, Coleman Jackson, in the intersection of Cutter and Richmond streets in the city of Cincinnati. The plaintiff and defendant were operating their respective automobiles at the time, and each sought to recover for the damage to his automobile.

The plaintiff testified that he was traveling westwardly at about 8:30 a. m.; that he was going at 20 miles per hour as he approached Cutter street and saw defendant in his automobile standing just south of Richmond street at the stop sign on Cutter street, apparently waiting for him to cross the intersection; that he was only 10 to 15 feet from the intersection;

and that he did not see the defendant thereafter until he was right in front of his automobile when the collision occurred in the northeast quarter of the intersection. He also testified that there were several automobiles parked on the south side of Richmond street, just east of Cutter street.

The defendant testified that he was proceeding in a northerly direction on Cutter street and stopped at the stop sign just south of Richmond street; that he "looked up" and not seeing or hearing anything he started up and after he was in the intersection he "looked out" and saw that he (plaintiff) was "right" on him; that he could not say how fast plaintiff was traveling; that there was about 20 to 25 feet of skid marks; that the front of plaintiff's automobile struck the right front door of his automobile and pushed it westwardly four or five feet; that automobiles were parked on the south side of Richmond street, just east of Cutter; that he could see east on Richmond street, from where he stopped on Cutter street, a distance of about 25 feet; and that the collision occurred in the northeast quarter of the intersection.

A police officer who appeared on the scene shortly after the collision testified that the defendant's automobile was almost wholly in the northeast quarter and the plaintiff's automobile had just entered the northeast quarter of the intersection; and that he noticed some skid marks and estimated the speed as between 25 and 28 miles per hour.

The only other witness was in a storeroom at the northwest corner of the intersection, from which position the witness looked out through a window eastwardly on Richmond street. She testified that defendant stopped at the stop sign on Cutter street and then started across the intersection; that she then looked up and saw plaintiff coming at a speed of 45

miles per hour; and that when she first saw him he was only from 10 to 15 feet from Cutter street.

The plaintiff's automobile was a Buick and the defendant's a Mercury.

Other than as to damage, the foregoing is the substance of all the evidence.

It is clear from this recital that the defendant was obliged by Section 6307-40, General Code, to yield the right of way to the plaintiff since he was approaching the intersection from the right. And the stop sign required him to stop before entering the intersection. He obeyed the stop sign, but that act did not justify him in proceeding into the intersection and finally into the plaintiff's path across the intersection, when he could see only 25 feet to his right along Richmond street.

We find nothing in the record which would suggest that the plaintiff had lost or forfeited his right of way other than the testimony of the witness who was in the store at the northwest corner and was looking directly at plaintiff's automobile as it approached her. She testified that she did not see it until it was within 15 feet of Cutter street, when it was going 45 miles per hour. However, the defendant testified that the speed was not more than 28 miles per hour, and, of course, he is bound by his own testimony. Such a speed is no evidence of negligence and is no basis for a finding that the plaintiff had lost the right of way.

It seems to us that this is a classic case for the application of the statute giving the right of way to the operator of the vehicle approaching an intersection from the right.

No motion for judgment was made by the plaintiff. We are not required to indicate our conclusion had such a motion been made.

However, we find that the judgment is manifestly

against the weight of the evidence and is contrary to law.

For these reasons, the judgment is reversed and the cause remanded to the Municipal Court of Cincinnati for further proceedings according to law.

*Judgment reversed.*

HILDEBRANT, P. J., MATTHEWS and ROSS, JJ., concur.