HAWKINS, ADMX., APPELLANT, *v.* GRABER, APPELLEE.

(No. 526—Decided October 24, 1960.)

*Mr. Carl F. Dorcas* and *Mr. John D. Starn*, for appellant.
*Messrs. Culbert, Hyzer & Culbert*, for appellee.

DEEDS, J.   This is an appeal on questions of law from a judgment of the Court of Common Pleas, entered after the verdict of a jury in favor of defendant, appellee herein.

The appellant will be referred to herein as plaintiff, and the appellee as defendant, as the parties appeared in the trial court.

The action was commenced by the plaintiff as administratrix of the estate of Don P. Hawkins, deceased, to recover damages for personal injuries, alleged to have been sustained by the decedent as the result of an automobile collision occurring at the intersection of Hayes Avenue and Wood Street in the city of Fremont, on October 21, 1954.

Plaintiff has filed assignments of error as follows:

"1. The court erred to the prejudice of the plaintiff and abused its discretion in permitting defendant, over the objection of plaintiff, to cross-examine plaintiff's witness for the purpose of impeaching the defendant's credibility.

"2. The court erred to the prejudice of plaintiff in giving defendant's requested charges two (2) and three (3) before argument.

"3. The court erred to the prejudice of plaintiff in its general charge to the jury.

"4. The judgment is against the weight of the evidence, is not sustained by sufficient evidence, and is contrary to law."

Defendant has filed an assignment of error as follows:

"Now comes the defendant and for her assignment of error herein says that the court erred in failing to withdraw the case from the consideration of the jury and to direct a verdict in favor of the defendant at the close of all the evidence and upon motion made by the defendant."

The facts pertinent to this appeal are that Hayes Avenue was a "through" highway extending in an easterly and westerly direction; that Wood Street extended in a northerly and southerly direction, with stop signs located at the northwesterly and southeasterly limits of the intersection; that plaintiff's decedent was operating a Cadillac automobile in a westerly direction on Hayes Avenue; that defendant operated a Plymouth automobile in a southerly direction on Wood Street; and that the collision occurred about the center of the intersection at about 5:40 p. m., while it was daylight.

The decedent's automobile continued to travel in a southwesterly direction for a distance of 90 feet following the collision, where it collided with a tree.

There was evidence that defendant's automobile was turned by the impact of the collision and was headed in a northwesterly direction, and that defendant was thrown from the Plymouth automobile and was found lying upon the pavement suffering from shock, as a result of the collision.

The evidence was to the effect that the defendant suffered a loss of memory as a result of the shock and did not remember entering Hayes Avenue, and defendant did not remember whether she had brought her automobile to a stop before she operated it into the intersection. There were no eye-witnesses to the collision.

Motion for a directed verdict was made by counsel for defendant at the close of plaintiff's case and renewed after both parties had rested. The motions for a directed verdict were overruled by the trial judge. It is necessary to consider the issues as presented by the pleadings.

Plaintiff's petition contained the following specifications of negligence against the defendant:

"(a) In failing to maintain a lookout for other automobiles then and there in the lawful use of the highway.

"(b) In operating her automobile without regard for the rights and property of other automobile operators then and there in the lawful use of the highway.

"(c) In failing to stop her automobile as required by law before entering said U. S. Route No. 6."

The pertinent allegations of defendant's answer are as follows:

"Admits that Hayes Avenue and Wood Street intersect within the corporate limits of the city of Fremont, Ohio, and that Hayes Avenue is also known as U. S. Route 6.

"Admits that a collision occurred between a car driven by this defendant and a car driven by Don P. Hawkins.

"For further answer defendant denies all statements and allegations in plaintiff's petition contained except those specifically admitted."

Defendant did not plead contributory negligence as a defense against the plaintiff. It therefore was incumbent upon the trial court to determine from the evidence whether the defendant was entitled to have the jury instructed with respect to the defense of contributory negligence on the part of plaintiff's decedent.

It is the settled rule in this state that the defense of contributory negligence may be raised by the pleadings or by the evidence received on the trial of the cause. *Bradley* v. *Cleveland Ry. Co.*, 112 Ohio St., 35, 146 N. E., 805; *Fries* v. *Cincinnati St. Ry. Co.*, 138 Ohio St., 537, 37 N. E. (2d), 193; *Centrello, a Minor,* v. *Basky,* 164 Ohio St., 41, 128 N. E. (2d), 80. 39 Ohio Jurisprudence (2d), 702, Negligence, Section 133.

In the case before us, the trial court determined that the defense of contributory negligence arose as a result of the evidence and the court instructed the jury, both in advance of the argument of counsel and in the general charge, with respect to that defense.

We find no error in the special instructions as given in advance of the argument of counsel.

In the general charge to the jury the trial court instructed the jury in part:

"Now, there has been a suggestion that the plaintiff himself was negligent, plaintiff's decedent, was negligent because of the distance which his car traveled after the impact of the two automobiles at the intersection."

Following the foregoing statement, the trial court instructed the jury with respect to the requirements as to the speed of motor vehicles as provided by the Revised Code of Ohio.

We are of the opinion that the quoted statement, "there has been a suggestion that the plaintiff himself was negligent, plaintiff's decedent, was negligent," was erroneous. *Johnson* v. *Hunter*, 166 Ohio St., 289, 142 N. E. (2d), 227; *Smith* v. *Lopa*, 123 Ohio St., 213, 174 N. E., 735; 39 Ohio Jurisprudence (2d), 721, Negligence, Section 142. As stated above, the defendant did not plead the defense of contributory negligence. We assume, therefore, that the trial court intended to say that the defense of contributory negligence was raised by the evidence offered by the plaintiff. Since the defendant did not offer any evidence, an inference of contributory negligence would not arise unless it was justified by the evidence which was offered by the plaintiff. In the situation presented by the record, the burden of proving contributory negligence was upon the defendant. The trial court did not instruct the jury that the defendant had the burden of proving the defense of contributory negligence.

The law and decisions applicable to the defense of contributory negligence are set out in the opinion in *Valencic* v. *Akron & Barberton Belt Rd. Co.*, 133 Ohio St., 287 at pp. 289, 291, 13 N. E. (2d), 240, as follows:

"* * * It is well settled that contributory negligence is an affirmative defense. *Knisely* v. *Community Traction Co.*, 125 Ohio St., 131, 136, 180 N. E., 654; *Maddex* v. *Columber*, 114 Ohio St., 178, 186, 151 N. E., 56; *Buell, Admx.,* v. *New York Central Rd. Co.*, 114 Ohio St., 40, 50, 150 N. E., 422; *Bradley* v. *Cleveland Ry. Co.*, 112 Ohio St., 35, 38, 146 N. E., 805; *Makranczy* v. *Gelfand, Admr.*, 109 Ohio St., 325, 338, 142 N. E., 688; and that the burden of proving contributory negligence is upon the defendant. *Knisely* v. *Community Traction Co., supra*; *Bradley*

v. *Cleveland Ry. Co., supra*; *Maddex* v. *Columber, supra*; *Glass* v. *William Heffron Co.*, 86 Ohio St., 70, 98 N. E., 923; *Columbus Ry. Co.* v. *Ritter*, 67 Ohio St., 53, 65 N. E., 613; *Schweinfurth, Admr.*, v. *C., C., C. & St. L. Ry. Co.*, 60 Ohio St., 215, 54 N. E., 89; *Baltimore & Ohio Rd. Co.* v. *Whitacre, supra* [35 Ohio St., 627].

"Like other affirmative defenses contributory negligence must be made out by a preponderance of the evidence and the burden of proof does not shift. *Tresise* v. *Ashdown, Admr.*, 118 Ohio St., 307, 316, 160 N. E., 898, 58 A. L. R., 1476; *Schweinfurth, Admr.*, v. *Railway Co., supra.*

"It is not necessary to dispel a presumption of contributory negligence, arising from plaintiff's evidence, by a preponderance of the evidence; but it is sufficient if the presumption is dispelled by evidence of equal weight. *Tresise* v. *Ashdown, supra.*

"It is a well settled principle that each party is entitled to the benefit of evidence in his favor no matter which party offers it. This principle applies here. If the presumption is dispelled by evidence adduced, no more is required. *Smith* v. *Lopa*, 123 Ohio St., 213, 174 N. E., 735.

"It is evident that the presumption referred to in the cases cited is not a presumption of law but a presumption of fact, or, as is often called, an inference. Under the authorities, if the plaintiff's evidence raised a presumption of contributory negligence, the jury could not return a verdict in his favor unless it found that the presumption had been overcome by opposing evidence of equal or greater weight, for it must be recognized that, if such a presumption is dispelled by evidence of equal weight, *a fortiori* it is overthrown by evidence of greater weight. However, as stated, evidence of equal weight is all that is required to destroy the presumption."

In view of the conclusion which this court has reached on this appeal, we are not required to, and do not, determine whether the omission to charge on the burden of proof with regard to contributory negligence was prejudicially erroneous.

We note also that the trial court failed to instruct or explain to the jury with respect to the burden resting upon the plaintiff, when an inference of contributory negligence arises

from the evidence offered by plaintiff, as required by the law as stated in the syllabus in *Smith* v. *Lopa, supra*. The trial court did instruct the jury that its verdict should be in favor of the defendant, if the decedent's ''negligence contributed proximately in any degree to cause the injury of which plaintiff complains.'' It is our view that without explanation by the court, the jury was required to surmise and conjecture concerning what the court intended by the statement that ''there has been a suggestion that the plaintiff was negligent, plaintiff's decedent, was negligent,'' because of the distance which his car had travelled after the impact of the two automobiles at the intersection.

It is our opinion that the statement may very well have been considered by the jury as an instruction that the evidence offered by the plaintiff did, as a matter of law, give rise to an inference that plaintiff's decedent was negligent.

At the very least, it is our view that the instruction, without explanation, could hardly fail to mislead and confuse the jury.

It is considered that a portion of the opinion in *Johnson* v. *Hunter, supra* (166 Ohio St., 289), at pages 292 and 293, is pertinent here:

''The word 'suggest,' in the manner it is used and repeated in the quoted portion of the general charge was disapproved by this court in the case of *Smith* v. *Lopa*, 123 Ohio St., 213, 174 N. E., 735, on the ground that, where plaintiff's evidence raises but a mere suspicion or suggestion that he may have been negligent, it is wrong for the court to instruct the jury that he is required to go forward with evidence to dispel such suspicion or suggestion. It would seem obvious that the quoted portion of the general charge placed upon plaintiff a greater burden than the law requires and consequently it is to be presumed that it affected him in a prejudicial manner.

''The defendant urges that the so-called two-issue rule should be invoked in his favor. 'Such rule is that, where a general verdict is returned for one of the parties, and the mental processes of the jury have not been tested by special interrogatories to indicate which issue was determinative of the verdict, it will be presumed that all issues were resolved in favor of the prevailing party. And where a single determinative issue has

been presented free from error, error in presenting another issue will be disregarded.' *Centrello, a Minor,* v. *Basky,* 164 Ohio St., 41, 49, 128 N. E. (2d), 80, 86.

"Here the second special charge virtually absolved defendant from the duty to exercise ordinary care in entering the bridge, and that part of the general charge under examination placed an unwarranted burden on plaintiff by requiring him to produce evidence to refute any suggestion of contributory negligence on his part which the evidence may have raised. The jury was misinformed with respect to both negligence and contributory negligence, and hence the two-issue rule is without application."

While we do not find error in the charge of the court with regard to negligence on the part of the defendant, it is our conclusion that the trial court "placed an unwarranted burden upon the plaintiff" by the charge concerning "decedent's negligence" and prevented plaintiff from having a fair trial on the issues to be determined by the jury.

It is our opinion that the issues of negligence and contributory negligence were for the jury and that defendant's assignment of error is not well taken. Defendant's assignment of error is overruled.

We find plaintiff's assignments of error numbered one and two not well taken and they are overruled.

For the reasons stated, the judgment of the Court of Common Pleas is reversed and the cause is remanded for a new trial.

*Judgment reversed.*

FESS and SMITH, JJ., concur.