Theresa **KESMARKI** and Thomas Kesmarki, Plaintiffs-Appellants,

v.

Ruth Elizabeth **KISLING**, Defendant-Appellee.

Nos. 18018–18019.

United States Court of Appeals Sixth Circuit.

Sept. 10, 1968.

Robert M. Dudnik, Cleveland, Ohio (Leon M. Plevin, Dudnik, Komito, Nurenberg, Plevin, Dempsey & Jacobson, Cleveland, Ohio, on the brief), for appellants.

John E. Martindale, Cleveland, Ohio (Arter, Hadden, Wykoff & Van Duzer, Cleveland, Ohio, on the brief), for appellee.

Before O'SULLIVAN, CELEBREZZE, Circuit Judges, and CECIL, Senior Circuit Judge.

O'SULLIVAN, Circuit Judge.

We consider the appeals of Theresa Kesmarki and her husband, Thomas, from judgments for defendant, Ruth Elizabeth Kisling, entered upon a jury verdict. The actions, tried together, arose from injuries suffered by Theresa Kesmarki in a collision between automobiles driven by her and by defendant-appellee. The collision occurred at about 4:00 p. m. on December 3, 1962, in the intersection made by West Third Street and Weldon Avenue in the City of Mansfield, Ohio. Plaintiffs-Appellants' Colorado citizenship provided the diversity jurisdiction of the United States District Court for the Northern District of Ohio, Eastern Division. We affirm.

There was little factual disagreement as to how the collision occurred. We set out the following from the statement of facts in the appellants' brief.

"Defendant testified that on December 3, 1962 at about 4:00 p. m., she was proceeding north on Weldon Avenue; that she stopped for a stop sign about sixteen feet from the intersection of Weldon Avenue and West Third Street; that she waited at said stop sign three to five minutes, due to heavy traffic on West Third Street; that the eastbound vehicles on West Third Street came to a stop so that the back of one vehicle was parallel to the extension of the easterly curb line of Weldon Avenue and the front of another vehicle was parallel to the westerly curb line extension of Weldon Avenue, thereby leaving a space of about one car length for defendant to enter the intersection. The defendant further testified that her view was obstructed with regard to traffic proceeding westerly on West Third Street due to cars parked in the parking lot at the southeasterly corner of Weldon Avenue and West Third Street and additionally her view was blocked by the heavy eastbound traffic backed up on West Third Street and other parked vehicles on West Third Street; that nevertheless, defendant testified, the driver of the vehicle stopped parallel with the westerly extension of the curb line of Weldon Avenue motioned her forward; that defendant proceeded forward uninterruptedly into the intersection of Weldon Avenue and West Third Street; that she continued at a speed of five to ten miles an hour through the intersection and that a collision occurred. * * *.

"Plaintiff, a 33 year old woman from Hungary who has been in the United States about ten years, and although an American citizen now, had some difficulty with the language, testified that she was proceeding westerly on West Third Street and was the first car in line; that she had a clear lane of travel and that she was proceeding at approximately twenty to twenty-five miles an hour. Plaintiff further testified that she did not see the defendant's vehicle, but saw something move from her left to right; from the time she saw this object until the collision about one second elapsed."

And the following from the Counter Statement of Facts in appellee's brief:

"After looking both to the left and right and making such observations as

traffic permitted she [defendant] pulled slowly into the intersection at a speed of five miles per hour. Her car cleared a lane of parked cars and a lane of eastbound traffic on West Third, and almost cleared the lane of westbound traffic when its right rear door and fender received the impact of plaintiff's car, traveling west in the lane nearest the center line.

"Plaintiff had been traveling west on West Third Street. Although it is 36 feet wide, West Third has parking permitted on each side, narrowing it to one lane of travel in each direction. Plaintiff, who had stopped some distance back for a traffic light became the first car in her lane of travel when a truck ahead of her turned off. She reached an admitted speed of 25 miles per hour and although she was familiar with West Third made no observations as to Weldon's intersection. She never saw the defendant's auto until the instant of impact in spite of the fact that she struck the rear half of defendant's auto after the front half had already crossed her lane of travel. Plaintiff's speed was sufficient to create an impact which spun defendant's car sideways up onto the north sidewalk of West Third while plaintiff's car continued straight on down West Third in her own lane of travel.

"At the trial, defense counsel produced a certified copy of the pleadings filed in plaintiff's behalf in a separate suit in Denver, Colorado concerning a subsequent accident. Among those pleadings were answers to interrogatories denying any injuries prior to her accident in Denver, denying her use of a brace, and denying the existence of this lawsuit. These answers were verified by her attorney in Colorado. Over the objection of plaintiff's counsel, defense counsel was allowed to ask plaintiff whether or not she supplied these answers to her Colorado attorney. She denied doing so. Thereafter, when these pleadings were offered into evidence plaintiff's counsel objected and his objection was sustained. No further use was made of them by either side."

It is clear that both drivers came to the point of collision without either having seen the approach of the other. The evidence would have permitted the jury to come to one or more factual conclusions, including the following:

that plaintiff's failure to see defendant was due to her total neglect to look for traffic coming north on Weldon Avenue and into her path; that defendant's failure to see plaintiff was due to the ineffectiveness of her claimed look for traffic coming from her right on West Third Street; that both drivers proceeded into the collision under traffic conditions which made it impossible for either to make an effective observation to insure her proceeding with safety; that the plaintiff's admitted speed was negligent in view of her restricted, or total lack of view; that defendant's uninterrupted driving at 5 to 10 miles an hour into the intersection, notwithstanding her inability to discover the approach of plaintiff's vehicle, was negligence; that defendant's failure to yield the right of way to plaintiff was a negligent and proximate cause of the accident; that plaintiff's negligence was a proximate cause of the accident; that the negligence of both parties concurrently and proximately contributed to the collision.

The claims of error charged on this appeal are: First, that the District Judge should have directed a verdict of liability because, as a matter of law, defendant was negligent and plaintiff Theresa Kesmarki was free of contributory negligence; Second, that the Court committed error in his instructions to the jury; and, Third, that defense counsel's reference to answers to interrogatories propounded in another suit in which appellant Theresa Kesmarki was plaintiff should not have been allowed.

### 1. Denial of Motion for Directed Verdict.

After proofs were closed, plaintiffs' counsel moved the District Judge for a directed verdict as to liability,

> "On the basis that Defendant was negligent and that Plaintiff was not guilty of contributory negligence."

In his objection to the charge as given, counsel for plaintiff stated,

> "I would like to object to the charge on the basis of the Judge's statement that was made in the conference in the Judge's chambers yesterday, as I did move for a directed verdict on the question of liability, stating that the Defendant was negligent as a matter of law, that there was no proof offered by the Defendant as to the contributory negligence of the Plaintiff, and that therefore there should be a directed verdict for the Plaintiff on the question of Defendant's negligence * * *."

#### a) Negligence of Defendant.

The assertion that, as a matter of law, defendant was negligent is bottomed primarily on Section 4511.43 of the Ohio Revised Code which provides in part:

> "The operator of a vehicle, intending to enter a through highway, shall yield the right of way to all other vehicles * * * on said through highway, unless otherwise directed by a traffic control signal, or as provided in this section.
>
> The operator of a vehicle * * * shall stop in obedience to a stop sign at an intersection and shall yield the right of way to all other vehicles * * * not obliged to stop, or as provided in this section."

■ It is undisputed that West Third Street was a favored through street and that defendant was required to stop before entering it and to yield the right of way to a vehicle on West Third Street entering the intersection. The violation of a relevant statute regulating traffic is negligence per se. 39 Ohio Jur.2d § 44, at 551; Schell v. Du

Bois, 94 Ohio St. 93, 113 N.E. 664, L.R. A.1917A, 710 (1916). And a motorist entering a favored street will not be excused from required care by looking but failing to see a vehicle that was there to be seen. Her preparatory look must be an effective one. Spitler v. Morrow, 100 Ohio App. 181, 136 N.E.2d 321 (1955); Pritchard v. Cavanaugh, 18 Ohio Law Abst. 354 (1934), affirmed, 129 Ohio St. 542, 196 N.E. 164; Jackson v. Mannor, 90 Ohio App. 424, 107 N.E.2d 151 (1951).

■ Defendant counters these assertions by pointing to Ohio law which limits the protection of a right of way statute to those who are themselves proceeding "in a lawful manner"—see definition of "Right of Way," O.R.C. § 4511.-01 (TT) (1967 Cum.Supp.). The third syllabus of Morris v. Bloomgren, 127 Ohio St. 147, 187 N.E. 2, 89 A.L.R. 831 (1933), states:

> "If such vehicle [the one asserting the right of way] is not proceeding in a lawful manner in approaching or crossing the intersection, but is proceeding in violation of a law or ordinance, such vehicle loses its preferential status and the relative obligations of the drivers of the converging vehicles are governed by the rules of the common law."

Defendant argues that the jury could find that plaintiff lost her right of way privilege by her own lack of care in driving 25 miles per hour into, and probably across, the crowded intersection involved. While 25 miles per hour was presumptively a lawful speed, the jury could have been of the view that under all the circumstances it was unlawful. O.R.C. § 4511.21 recites the almost universal traffic law that:

> "No person shall operate a motor vehicle * * * at a speed greater or less than is reasonable or proper, having due regard to the traffic, surface, and width of the street or highway and any other conditions * * *."

Under Ohio law a speed less than the *prima facie* limit may be unlawful under

the circumstances. Cincinnati Street Ry. Co. v. Bartsch, 50 Ohio App. 464, 475, 198 N.E. 636 (1935). From this, defendant argues that plaintiff driver's own careless driving had forfeited her right of way which otherwise would have required defendant to yield.

These are interesting speculations, but it is unnecessary to decide whether defendant was, as a matter of law, guilty of negligence that was a proximate cause of the accident. The District Judge was not asked to so instruct the jury. The motion to him was that he direct a verdict of *liability* on the ground that "defendant was negligent *and* that plaintiff was not guilty of contributory negligence." Both elements had to be found in order to direct a verdict. We go on then to consider whether the evidence required a holding that, as a matter of law, plaintiff driver was free from contributory negligence.

b) Contributory Negligence.

The facts as above recited should be an answer to this question. In Ohio, contributory negligence is a defense in bar. Lehman v. Hayman, 164 Ohio St. 595, 598, 133 N.E.2d 97 (1956); Hawkins v. Graber, 112 Ohio App. 509, 512–513, 176 N.E.2d 600 (1960). The burden is on defendant to make out a case of contributory negligence. Valencic v. Akron & Barberton Belt R. R. Co., 133 Ohio St. 287, 289–290, 13 N.E.2d 240 (1938). The issue of plaintiff's contributory negligence ought to be submitted to the jury if there is *"some evidence * * * tending to show that the plaintiff failed in some respect to exercise the care of an ordinarily prudent person * * * and that such failure was a proximate cause of his injury * * *."* Bush v. Harvey Transfer Co., 146 Ohio St. 657, 670, 67 N.E.2d 851, 852 (1946), quoted in Golamb v. Layton, 154 Ohio St. 305, 309, 95 N.E.2d 681 (1950). (Emphasis supplied.) Where reasonable minds could differ on the question, the issue is for the jury. Smith v. Toledo & Ohio Central R. R. Co., 133 Ohio St. 587, 595–597, 15 N.E.2d 134 (1938) and cases cited therein.

Furthermore, Ohio follows the familiar rule that upon motion by one party for a directed verdict, the trial court in ruling thereon must view the evidence and reasonable inferences that may be drawn therefrom in a light most favorable to the nonmoving party. Cothey v. Jones-Lemley Trucking Co., 176 Ohio St. 342, 344, 199 N.E.2d 582 (1964); Accord, Lones v. Detroit, Toledo, and Ironton R. R. Co. (6th Cir. July 31, 1968) 398 F.2d 914; Dickerson v. Shepard Warner Elev. Co., 287 F.2d 255, 258–259 (6th Cir. 1961); Wilkeson v. Erskine & Son, Inc., 145 Ohio St. 218, 227–229, 61 N.E.2d 201 (1945). Finally in reviewing a jury verdict the appellate court will view the evidence most favorably to the party prevailing in the trial court. Sypherd v. Haeckl's Express, Inc., 341 F.2d 65, 67 (6th Cir. 1965), applying Ohio law and citing McMurtrie v. Wheeling Traction Co., 107 Ohio St. 107, 111, 140 N.E. 636 (1923) and Industrial Commission of Ohio v. Pora, 100 Ohio St. 218, 221, 125 N.E. 662 (1919). We are satisfied that a jury could find that Theresa Kesmarki was negligent and that such negligence proximately contributed to the accident. That a driver on a through, or favored highway is still required to proceed with the due care that would be employed by a reasonably prudent man is a rule of general application. Restatement (Second) of Torts, § 289; Witherspoon v. Irons, 18 Ohio Law Abst. 193; Cleveland R. Co. v. Nicholson, 11 Ohio App. 424, 17 Ohio L.Rep. 392 (1919). See also cases collected in Annotation at 3 A.L.R.3d 180, 272, et seq.

From the evidence that Theresa Kesmarki proceeded at 25 miles per hour into an area of congested traffic, without looking for vehicles approaching on a subservient street, and ran into the rear door of a car that she saw only for an instant, a jury could reasonably conclude that she was guilty of contributory negligence.

The District Judge adequately and correctly instructed the jury on the duties of the respective drivers. Denial of the motion for direction was correct as

was denial of plaintiff's motion for judgment notwithstanding the verdict and for a new trial.

While it is not necessary to our decision, we mention that from questions asked by the jury during the course of their deliberations, it is evident that they considered defendant negligent, but denied recovery to plaintiffs because of contributory negligence.

### 2. The Court's Instructions.

■ The District Judge fully charged the jury on the statute and common law of Ohio relevant to the conduct of the parties in the factual situation disclosed by the evidence. His reference to two of Ohio's traffic statutes may have been inapt, but it did not detract from the clarity and correctness of the total charge. In all events, the Court's attention was not called to any claimed improprieties in the statutory references and under Rule 51 of the Federal Rules of Civil Procedure, we do not consider them. Nor did they amount to "plain error."

### 3. Cross-examination of Theresa Kesmarki.

■ It appeared that appellant Theresa Kesmarki had commenced two personal injury actions in Denver, Colorado, resulting from two separate accidents which had occurred after the one here involved. Interrogatories submitted to appellant as plaintiff in one of the Denver actions had been signed and verified by her attorney. The answers to some of the interrogatories were in conflict with Mrs. Kesmarki's testimony in the case at bar. Defendant's counsel was permitted to ask Mrs. Kesmarki whether she had given to her Denver attorney the information from which he made the answers which conflicted with her testimony. Upon her denial that she had done so, the District Judge sustained appellant's objections to defendant's offer in evidence of the relevant answers to the interrogatories. If the answers to the interrogatories contradicted Mrs. Kesmarki's testimony, and if she had supplied the information contained in such answers, they could constitute legitimate impeachment. It is a fair summary of the general rule to say that if pleadings—such as answers to interrogatories—contain allegations or admissions against interest, they may be used to impeach a party or witness in another lawsuit if they are relevant, even though neither verified or signed by the party or witness sought to be impeached, provided it be shown that such answers are correct repetition of the party's or witness' statements given to the lawyer or scrivener of the answers or pleadings. 31a C.J.S. Evidence § 303b, at 781–783; Fuller v. King, 204 F.2d 586, 590 (6th Cir. 1953). See also Faxon Hills Construction Co. v. United Brotherhood of Carpenters & Joiners of America, 109 Ohio App. 21, 27, 163 N.E.2d 393 (1957), rev'd on other grounds, 168 Ohio St. 8, 151 N.E.2d 12 (1958). In such case, however, an essential preliminary to admissibility of such writings is the establishment that the party or witness to be impeached did supply the information contained in the interrogatory answer or other pleading. Robinson v. United States, 144 F.2d 392, 405 (6th Cir. 1944). See also Ass'n of Army & Navy Stores, Inc. v. Schaengold, 44 Ohio App. 40, 43, 184 N.E. 17 (1932). It was necessary therefore for counsel for defendant to ascertain whether Mrs. Kesmarki had provided the information from which her attorney had made answers to the interrogatories. Mrs. Kesmarki having denied responsibility for the answers, objection was sustained to their admission into evidence. We think that the better practice would have been to conduct this preliminary inquiry out of the presence of the jury. However, we will not find reversible error in what occurred in this case.

Judgment affirmed.