152 So.2d 196 (1963)
Clifford CORBETT, Appellant,
v.
Milton BERG, Appellee.
No. 62-309.
District Court of Appeal of Florida. Third District.
April 16, 1963.
Rehearing Denied May 8, 1963.
*197 Smith, Poole & Pahules, Miami, and D.J. MacDonald, Coral Gables, for appellant.
Kaplan, Ser & Abrams, Miami, for appellee.
Before PEARSON, TILLMAN, C.J., and CARROLL and HENDRY, JJ.
HENDRY, Judge.
This is an appeal by the defendant from a final judgment entered in favor of the plaintiff pursuant to a jury verdict.
Plaintiff sued defendant for personal injuries and property damages sustained as a result of an automobile accident. During the trial, the defendant examined the plaintiff as to whether he had ever filed a workman's compensation claim in April, 1948, while working for Perry Furniture Company, involving an injury to the lower spine and extremities. The plaintiff, while admitting that he worked for Perry Furniture Company in 1948 and that no one else with the same name was similarly employed, denied making any such claim.
Later on, during the course of the trial, the defendant attempted to introduce into evidence a duly certified copy of an original document prepared by the Florida Industrial Commission purporting to be an index card which assigned a claim number to a claim filed by the plaintiff for injuries to the lower extremities of the spine occurring on April 27, 1948 while the plaintiff was employed by Perry Furniture Company, Miami. (The file itself had been destroyed.) The document in question was submitted for the purposes of impeaching the plaintiff's testimony and refuting plaintiff's claim that his injuries resulted solely from the accident upon which this suit is based.
The trial judge refused to admit the document into evidence and defendant's sole point on appeal is directed to this ruling.
We hold that the trial judge erred in refusing to admit the document in question into evidence and that such ruling constituted reversible error. The index card was a public record kept by an authorized public officer as a convenient and appropriate mode of discharging the duties and functions of his office. See: Bell v. Kendrick, 25 Fla. 778, 6 So. 868. As such, it would be admissible into evidence under the "public record" exception to the hearsay rule and would constitute prima facie evidence of what it purported to show. Smith v. Mott, Fla. 1958, 100 So.2d 173. Since the index card would be admissible into evidence, a copy thereof, duly certified *198 in accordance with § 92.12, Fla. Stat., F.S.A., would also be admissible.
The document in question was properly certified and the refusal of the trial judge to admit it into evidence constituted reversible error.
Reversed.