BARKDULL, Chief Judge.
The appellant was defendant in the trial court and appeals from an adverse final judgment rendered upon a jury verdict, finding the appellant liable to the appellee-plaintiff for negligent conduct resulting in personal injury to the appellee. The gist of the injury sustained by the appellee was an injury to her back.
During the course of the cross-examination of the appellee-plaintiff, counsel on behalf of the appellant attempted to elicit information from her relative to prior statements [made in a divorce proceeding], wherein she had indicated an earlier injury to her back. The trial judge refused to permit such interrogation and refused to permit into evidence the sworn bill of complaint in the original divorce proceedings, or a certified copy thereof, notwithstanding the fact that such sworn bill of complaint would have established either an inconsistent statement by the appellee as to her prior back injury, or would have rebutted appellee’s direct evidence on her case in chief: that she had never had a back injury which would have been an appropriate subject of defense.
Unfortunately, the trial judge was not presented with any authorities by counsel *19 at the time of argument in respect to this matter, and the case of Corbett v. Berg, Fla. App.1963, 152 So.2d 196, had not been decided by this court and was not available. It appears that the trial judge erred in refusing to permit the interrogation by appellant’s counsel, and the introduction of the bill of complaint, as evidenced when the defense was pressing its case. Therefore, pursuant to the reasoning contained in the Corbett v. Berg case, supra, such evidence tending to go to the creditability of the witness [which would also be material as to the issue of liability in accordance with the decision of Central Mutual Insurance Company v. Newman, Fla.App.1960, 117 So.2d 41], this cause is remanded to the trial court, with directions to grant a new trial to the appellant both on the issues of liability and damages.
Reversed and remanded, with directions.