SACK, Judge.
Appellant was the plaintifff in the court below, in an automobile accident case. The jury returned a verdict for the appellee-defendant.
As a result of the accident, the plaintiff claimed, among other elements, an injury to her back. Upon cross-examination she admitted to two prior automobile accidents, but denied an injury to her back in an alleged fall in a Sears-Roebuck store. She was then asked about a fall in an A & P store, which she admitted, whereupon counsel for the defendant confronted her with her answers to questions in a deposition taken in the A & P suit, in which she admitted her fall in the prior Sears-Roebuck incident.
Plaintiff’s counsel objected to the proffer of the questions and answers in the A & P suit on the grounds, generally, that the series of accidents were immaterial and irrelevant, that the injuries were not connected up with the injuries in the present suit, and that the same constituted impeachment on immaterial and irrelevant matters. The objection was overruled. There was no objection to the use of the deposition as such, nor was the deposition offered in evidence.
However, following the evening recess, the plaintiff resumed the stand and this time admitted the Sears-Roebuck incident, but was evasive as to the extent of her injuries.
Plaintiff’s physician was cross-examined as follows:
“Q Doctor, the first time that you treated Mrs. Hicks for back problems was in January of 1964, is that correct, sir?
“A Yes, that’s correct.
“Q When a patient such as Mrs. Plicks comes to you complaining of back injuries from an automobile accident, you consider it important to get a history of any prior back problems, don’t you,. Doctor?
“A Yes, if possible.
“Q And in January of 1964, did you get a history from Mrs. Hicks as to whether her back had been in good shape or whether she had had any prior back injuries ?
“A There was no history given to me of any previous back injury, to my knowledge.
“Q Did you ask?
“A I sure did.”
Plaintiff again resumed the stand, and, over objection, further portions of the A & P deposition were read to her, in which she described the Sears-Roebuck injuries, but plaintiff disclaimed knowledge of the questions and answers, and the deposition was not introduced.
Appellant’s primary assignment of error questions the propriety of her cross-examination, through the deposition, on the subject of her prior accidents, contending that this use of the deposition for the purpose of impeaching her, without introducing the deposition in evidence, and on collateral matters, was error.
In view of her physician’s testimony as to plaintiff’s back injury, it is clear to us that a disclosure of prior back injuries was completely proper. Shalley v. Fiore, Fla.App.1964, 161 So.2d 18. In addition, in view of her denial of the Sears-Roebuck incident the cross-examination was permissible for purposes of impeachment, since the back injury was a direct, not collateral, issue in the case. Shalley v. Fiore, supra; and Central Mutual Insurance Company v. Newman, Fla.App.1960, 117 So.2d 41. The failure to introduce the deposition was harmless error, since the appellant ultimately admitted all the accidents, without objection.
*8 Finally it is urged that the matter of appellant’s injuries could not he gone into by appellee, since there was no affirmative defense on this issue. No authority is cited to us for this proposition, and we believe it to be the settled law of this state that the matter of damages and the extent of a plaintiff’s injuries are properly presented under a general denial. Sewell v. Huffstetler, 83 Fla. 629, 93 So. 162.
Affirmed.
RAWLS, C. J., and JOHNSON, J., concur.