RAWLS, Judge.
Appellant-plaintiff Davidson appeals an adverse jury verdict and final judgment in this negligence action.
The sole point on appeal which merits consideration relates to an evidentiary question, viz.: The prejudicial effect of allowing an unsworn complaint of a prior unrelated lawsuit into evidence.
Josephine Davidson, a 77-year-old woman, was struck by a motorcycle being operated by Ralph E. Eddings, Jr., while she was crossing a street in Pensacola, Florida. Mrs. Davidson, in proof of her injuries tes *233 tified that she suffered injuries to her back and hip as a result of this accident. She testified as follows:
“Q Mrs. Davidson, did I understand you to say you never had had an injury to your back or either leg before?
“A No, sir, I never have.
“Q You never had fallen and hurt yourself ?
“A No, sir.”
Towards the end of the trial, defendant’s attorney called Mrs. Davidson as an adverse witness and interrogated her as follows :
“Q Mrs. Davidson, when I was asking you questions earlier today do you recall I asked you whether you had ever injured yourself, particularly your back or leg, before? Do you remember my asking you that question?
“A Yes, sir.
“Q I believe you indicated that you had not, didn’t you?
“A I had not. I never had a back injury in my life.
“Q I asked you whether or not that—
“A That I know of.
“Q I asked you whether or not you had not injured yourself in a fall before this accident and I believe you said you had not, didn’t you ?
“A No, I couldn’t say that because I fell in the Building and Loan and hurt my head. That is when I went to the Medical Center. That has been years ago.
“Q You fell in Pensacola Home & Savings Association on August 2nd of 1960, I believe.
“A That is right.”
Over plaintiff’s objection, defense counsel proceeded to ask this witness if she had filed a suit as a result of her fall in 1960 wherein she alleged that she suffered injuries to her back, head and neck. The witness responded: “I just know I just hit the back of my head. That was all. I did not have no back injury. I have never suffered with my back.” It was at this stage that defense counsel proffered into evidence a certified copy of a complaint filed on behalf of Mrs. Davidson in 1960 wherein damages were sought for injuries to her back, head and neck. Plaintiff’s counsel moved for a mistrial which was denied by the trial court. It was established that Mrs. Davidson had not signed the controverted complaint and she again testified that she had never complained about her back in the 1960 litigation.
Brickley v. Atlantic Coast Line R. Co.[1] is closely in point. There, plaintiff had instituted two separate common law actions against two separate defendants. During the course of the second trial, after plaintiff had rested, defendant called plaintiff as a defense witness and interrogated her at length as to facts alleged in the first suit. In reversing, the Supreme Court adopted the following statement by Professor Wig-more[2] on the subject:
“The rule of law, however, as generally applied under the orthodox common-law system of pleading, seems to have been to exclude all common-law pleadings filed in other causes. On the other hand, under most of the reformed systems (by which the pleadings, approximating the chancery practice, are required to be signed by the party, and sometimes to be sworn to) they are commonly ruled to be admissible if it appears that the party signed them ...”
Although the Court’s opinion in Briekley apparently considered that the interrogation of plaintiff by defendant was upon the evi-dentiary theory of an admission against interest, the facts in that case reflect without contradiction that the defendant also sought *234 to impeach the credibility of plaintiff. The Supreme Court did not isolate the eviden-tiary theory in holding:
“The order overruling the objections of counsel for plaintiff to the introduction into evidence of the designated portion of the declaration -was erroneous.”
and reversing for a new trial.
Appellee relies primarily upon Hicks v. Daymude,[3] and Shalley v. Fiore.[4] In Hicks, plaintiff claimed, among other elements, an injury to her back. Upon cross-examination she denied any claim for prior injuries to her back. At this stage defendant utilized plaintiff’s deposition given in a prior case for the purposes of impeachment. In Shalley, the trial judge refused to permit into evidence a sworn bill of complaint in a prior action which would have served to impeach the witness. The decisions in Hicks and Shalley fall within the orbit of the Supreme Court’s pronouncement in Brickley, supra, that pleadings signed or sworn to by the party are “commonly ruled to be admissible”, and “The rule of law, however, as generally applied under the orthodox common-law system of pleading, seems to have been to exclude all common-law pleadings filed in other causes.”
Corbett v. Berg [5] is also cited by appellee as being controlling. There, plaintiff sued defendant for personal injuries and property damages sustained as a result of an automobile accident. During the trial, plaintiff denied that he had in the year 1948 filed a claim for workmen’s compensation involving an injury to his lower extremities and spine. Defendant attempted to introduce a certified copy of an original instrument prepared by the Florida Industrial Commission reflecting that such a claim had been filed by plaintiff. The trial court refused to admit the document in evidence. In reversing the Third District Court of Appeal held that the document was admissible under “the ‘public record’ exception to the hearsay rule and would constitute prima facie evidence of what it purported to show.” (Emphasis supplied.) We distinguish Corbett from the instant facts. In Corbett, the plaintiff denied filing the prior claim; here, plaintiff candidly admitted filing the previous suit. The opinion in Corbett does not advise as to whether the initial claim was sworn to; however, here, it is not questioned that an unverified complaint by plaintiff containing allegations framed by her attorney was used for the purpose of impeaching plaintiff’s testimony.
Other jurisdictions exclude the use of pleadings filed in another cause for impeachment unless verified. In West v. Carpenter[6] it is stated: “Texas courts recognize the doctrine of judicial estoppel that holds a party is estopped merely by the fact of having alleged or admitted in his pleadings in a former proceeding under oath the contrary to the assertion sought to be made. Long v. Knox, 155 Tex. 581, 291 S.W.2d 292. See also 31 C.J.S. Estoppel § 121, page 390. It will be noted this doctrine is applicable only if the former pleadings are under oath.”
In Kesmarki v. Kisling[7] the Sixth Circuit Court of Appeals, in considering facts strikingly similar to the facts being reviewed, stated:
“ . . . It is a fair summary of the general rule to say that if pleadings— such as answers to interrogatories — contain allegations or admissions against interest, they may be used to impeach a party or witness in another lawsuit if they are relevant, even though neither *235 verified or signed by the party or witness sought to be impeached, provided it be shown that such answers are correct repetition of the party’s or witness’ statements given to the lawyer or scrivener of the answers or pleadings. 31a C.J.S. Evidence § 303b, at 781-783; Fuller v. King, 204 F.2d 586, 590 (6th Cir. 1953). See also Faxon Hills Construction Co. v. United Brotherhood of Carpenters & Joiners of America, 109 Ohio App. 21, 27, 163 N.E.2d 393 (1957), rev’d on other grounds, 168 Ohio St. 8, 151 N.E.2d 12 (1958). In such case, however, an essential preliminary to admissibility of such writings is the establishment that the party or witness to be impeached did supply the information contained in the interrogatory answer or other pleading. Robinson v. United States, 144 F.2d 392, 405 (6th Cir. 1944). See also Ass’n of Army & Navy Stores, Inc. v. Schaengold, 44 Ohio App. 40, 43, 184 N.E. 17 (1932). It was necessary therefore for counsel for defendant to ascertain whether Mrs. Kesmarki had provided the information from which' her attorney had made answers to the interrogatories. Mrs. Kes-marki having denied responsibility for the answers, objection was sustained to their admission into evidence.”
In Phillips v. Dow Chemical Company[8] the Supreme Court of Mississippi, in considering a similar factual situation, stated:
“ . . . Sometime prior to the trial of the suit now before the court, the widow and children of James C. Carlisle sued Dow and Shoemake for the alleged wrongful death of Carlisle. This suit was filed in the Circuit Court of Forrest County. In their answer, Dow and Shoe-make admitted a paragraph wherein it was alleged by the plaintiffs that Carlisle was driving his Chevrolet at the time of the collision. Plaintiffs offered this answer of Dow and Shoemake in the present case as a statement inconsistent with the position assumed in the case at bar. We are of the opinion that the lower court properly refused to admit this answer in evidence. The answer was un-sworn and signed by attorneys for Dow and Shoemake, and under the rule laid down in Crump v. Gerock, 40 Miss. 765; Cooperative Life Association v. Leflore, 53 Miss. 1, and Meyer v. Blakemore, 54 Miss. 570, the pleading was not admissible. If it had been a sworn pleading it would have been admissible under Simon v. Desporte, 150 Miss. 673, 116 So. 534.”
We hold that the rule as enunciated in Kesmarki v. Kisling, supra, is the better evidentiary view.
A thin line separates “for the purpose of impeachment” and “substantive evidence.” Here, the witness unequivocally explained her claims made in the 1960 lawsuit and at that stage the question should have been laid to rest. Judge Wigginton, speaking for this Court in Hines v. Trager Construction Co.,[9] clearly outlined the office of a complaint within the modern framework of pleadings, viz.:
“Under the form of pleading permitted by the rule, the pleader may seek relief on causes of action asserted under any one or more different theories of law, each of which depend upon the establishment of facts .... Such form of pleading permits the pleader maximum freedom in the development of his case, and permits his claim for relief or defense to be adjudicated on facts which are developed by discovery and evidence introduced at the trial rather than on the pleadings filed in the cause.”
We conclude that the trial judge should not have permitted the introduction of the prior complaint.
As to appellant’s point concerning appel-lees’ arguments relating to “defendant’s poverty, lack of insurance, and inability to attend trial”, we note that same borders on *236 reversible error. The other points posed by appellant and her cross appeal are without merit.
The judgment appealed is reversed with directions to set aside the judgment in favor of defendant and grant plaintiff a new trial.
Reversed and remanded with directions.
CARROLL, DONALD K., Acting C. J., and WIGGINTON, J., concur.

. Brickley v. Atlantic Coast Line R. Co., 153 Fla. 1, 13 So.2d 300 (Fla.1943).

. IV Wigmore on Evidence § 1066 (3d ed.).

. Hicks v. Daymude, 190 So.2d 6 (1 Fla.App.1966).

. Shalley v. Fiore, 161 So.2d 18 (3 Fla.App.1964).

. Corbett v. Berg, 152 So.2d 196, 197 (3 Fla.App.1963).

. West v. Carpenter, 366 S.W.2d 826 (Ct.Civil App. of Tex.1963).

. Kesmarki v. Kisling, 400 F.2d 97, 102 (6th Cir. 1968).

. Phillips v. Dow Chemical Company, 247 Miss. 293, 151 So.2d 199, 204 (1963).

. Hines v. Trager Construction Co., 188 So.2d 826, 830, 831 (1 Fla.App.1966).