338 So.2d 905 (1976)
JOHNSON & KIRBY, INC., a Florida Corporation, Appellant,
v.
CITIZENS NATIONAL BANK OF FORT LAUDERDALE, Now Known As Atlantic National Bank of Fort Lauderdale, et al., Appellees.
No. 75-1619.
District Court of Appeal of Florida, Third District.
November 2, 1976.
*906 Quarles & Mills, South Miami, for appellant.
Hulmes & Dreiling, Hollywood, for appellees.
Before HENDRY and NATHAN, JJ., and SACK, MARTIN, Associate Judge.
PER CURIAM.
Appellant, defendant and third party plaintiff in the court below, appeals from a final judgment entered by the trial court, subsequent to its granting appellee's plaintiff below, motion for summary judgment as to the issue of liability.
Appellee, Citizens National Bank of Fort Lauderdale, now known as Atlantic National Bank of Fort Lauderdale, filed its complaint for replevin against appellant Johnson and Kirby, Inc., alleging that by virtue of a prior perfected security interest, appellee was entitled to possession of two boats held by appellant. Attached to the complaint were copies of two security agreements signed by Broadbill Marine Corporation, the manufacturer of the boats, in favor of the appellee bank. Subsequent to the bank's perfection of the security interest, Broadbill sold the boats to appellant.
Appellant answered appellee's complaint stating as an affirmative defense, inter alia, that it was a buyer in the ordinary course of business as defined in Fla. Stat. Ann., Sec. 671.201(9). On January 9, 1975 appellee filed a motion for summary judgment. Both appellant and appellee filed affidavits in support of their respective positions. On February 4, 1975, the trial court granted a summary judgment as to liability against the appellant and on September 19, 1975, a final judgment, based on the summary judgment was entered awarding damages to appellee. Appellants bring this appeal from the entry of this final judgment.
Appellant's basic contention is that the trial court erred in granting the summary judgment as to liability because the evidence presented at the time of the hearing created a genuine issue of a material fact, i.e., whether appellant was a buyer in the ordinary course of business. Appellee contends that there were no genuine issues of material fact and it was entitled to a judgment as a matter of law and fact.
Rule 1.510, Florida Rules of Civil Procedure, 31 F.S.A., pertaining to summary judgments provides, inter alia, as follows:
"The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."
As an affirmative defense, in its answer, appellant claimed the status of a buyer in the ordinary course of business. After examining the various pleadings, depositions, briefs and affidavits we can find no contravention of that allegation. As we stated in Underwriters Insurance Company v. Sisung, 174 So.2d 461 (Fla.3d DCA 1965), where a defendant pleads an affirmative defense and the plaintiff does not by affidavit contradict or deny that defense, the plaintiff is not entitled to a summary judgment.
We have considered the record, all points in the briefs and arguments of counsel in the light of the controlling principles of law, and have concluded that reversible *907 error has been demonstrated. Therefore, for the reasons stated and upon the authorities cited, the final judgment appealed, based on the summary judgment as to liability, is reversed and remanded for further proceedings not inconsistent with this opinion.
Reversed and remanded.