377 So.2d 203 (1979)
FLORIDA POWER CORPORATION, a Florida Corporation, Appellant,
v.
ZENITH INDUSTRIES COMPANY, a Florida Corporation, Individually and As Representative of a Class and All Others Similarly Situated, Appellees.
No. 78-2049.
District Court of Appeal of Florida, Second District.
October 31, 1979.
Rehearing Denied December 6, 1979.
*204 A. Broaddus Livingston and Sylvia Walbolt of Carlton, Fields, Ward, Emmanuel, Smith & Cutler, Tampa and S.A. Brandimore and R.W. Neiser, Office of the General Counsel for Florida Power, St. Petersburg, for appellant.
Elihu H. Berman of MacFarlane, Ferguson, Allison & Kelly, Clearwater, and Joseph P. McNulty of McNulty, Mortiz & Dickey, Largo, for appellees.
OTT, Judge.
This suit is a by-product of the so-called "Daisy Chain Scandal" in which Florida Power allegedly paid artificially inflated prices for fuel oil and passed such increased costs on to its customers in the form of increased rates for electrical power. Zenith, claiming to be one of those customers, sought refund of all such overcharges, together with unspecified general, special and exemplary damages sustained by it as a result of Florida Power's violation of various state and federal laws.
On Zenith's motion, vigorously opposed by Florida Power, the circuit court entered summary judgment in favor of Zenith "on the issue of liability" and ordered a jury trial on the issue of damages.
Preliminarily, we note that summary judgment was improper because of certain inadequacies in the moving papers,[1] and because the papers opposing the motion disclosed triable issues of fact. Furthermore, the judgment would also be subject to attack insofar as it purports to grant Zenith certain relief available only under federal law and obtainable only in federal courts. However, Zenith has stipulated in this court that all references to federal law in the complaint may be regarded as surplusage.
The chief infirmity in the summary judgment, however, is that this court recently held, in a case predicated on these same overcharges, that jurisdiction to determine and award refunds of the alleged overcharges does not lie in the court but in the Florida Public Service Commission. Richter v. Florida Power Corp., 366 So.2d 798 (Fla.2d DCA 1979). Proceedings for that purpose are presently pending in the PSC and are not yet resolved. The respective rights and liabilities of the parties, together with the type and amount of any recoverable damages, will be materially affected by the final result in the PSC proceedings.
*205 Based on the foregoing reasons, we reverse the summary judgment and remand the case to the lower court with directions to abate the action until the conclusion of the PSC proceedings.
Since we reverse, we point out that Zenith also alleges and seeks general, special and punitive damages. The PSC has no jurisdiction of such claims other than overcharges, if any. Whether Zenith is entitled to other damages, and the amount thereof, must be determined by the court below in the light of the PSC determination. For the guidance of the court and the parties, we note the following observations about any further proceedings for that purpose.
First, the complaint is almost completely silent regarding the nature and extent of special damages. The gist of the lengthy pleading is that Zenith was overcharged for power, and as a consequence it suffered "general and special damages" for which it should be compensated, along with exemplary damages to punish Florida Power for its intentional, malicious acts in overcharging its customers.
General damages are commonly defined as those damages which are the direct, natural, logical and necessary consequences of the injury. Jacksonville Electric Co. v. Batchis, 54 Fla. 192, 44 So. 933 (1907). As applied to the facts of the present case, it is difficult to imagine that the damages directly, naturally and necessarily flowing from an overcharge could possibly be anything other than the amount of the overcharge itself and legal interest thereon. As we have noted, that will be recovered by Zenith, if at all, through the PSC. All other recoverable compensatory damages, if any, would seem, therefore, to fall into the category of special damages and should be pleaded with particularity. Moses v. Autuono, 56 Fla. 499, 47 So. 925 (1908).
Finally, if Zenith first establishes its right to compensatory damages and can further show the prerequisite circumstances of fraud, malice, oppression, etc., necessary for recovery thereof, exemplary damages may be warranted.
Reversed and remanded for further proceedings consistent herewith.
GRIMES, C.J., and HOBSON, J., concur.
NOTES
[1] The affidavit of Dale Kuehn was merely his personal opinion, based mainly on the statements or work product of others. As such, it was incompetent to support the motion and necessitated no controversion. Arkin Construction Co. v. Simpkins, 99 So.2d 557 (Fla. 1957); Holl v. Talcott, 191 So.2d 40 (Fla. 1966). Also, Zenith relied heavily on its assertion that certain allegations in a federal action brought by Florida Power were binding upon the latter in the instant proceeding, but pleadings in one action are admissible in another action only under certain circumstances and for certain purposes not pertinent here. See Davidson v. Eddings, 262 So.2d 232 (Fla. 1st DCA 1972).