DELL, Judge.
Appellant, West American Insurance Company, (West American) appeals from a final judgment in favor of appellees, Wayne L. Rauch and G. V. Kullgren d/b/a P. D. I. Center, a partnership (PDI), and asserts that the trial court erred in granting a partial summary judgment on liability.
PDI purchased a Special Multi Peril insurance policy from West American. The policy insured a warehouse that PDI had under construction. The policy insured against, “all risk of direct physical loss,” but contained the following exclusions:
VI. EXCLUSIONS
C. Loss caused by, resulting from, contributed to or aggravated by any of the following:
1. earth movement, including but not limited to earthquake, landslide, mudflow, earth sinking, earth rising or shifting;
2. flood, surface water, waves, tidal water or tidal wave, overflow of streams or other bodies of water, or spray from any of the foregoing, all whether driven by wind or not;
3. water which backs up through sewers or drains;
4. water below the surface of the ground including that which exerts pressure on or flows, seeps or leaks through sidewalks, driveways, foundations, walls, basement or other floors, or through doors, windows or any other openings in such sidewalks, driveways, foundations, walls or floors;
The undisputed testimony shows that by April 24,1979, PDI had completed the foundation, floor and walls of the warehouse but had not completed the roof. On April 24th and 25th, heavy rains fell, came in through the open roof and poured out of the building through the doorway openings into a drainage ditch located about three to five feet from the building. The water eroded the soil between the drainage ditch and the footer and caused the collapse of the footer and the north wall of the building. PDI filed a claim with West American but West American denied coverage citing the exclusions set out above.
West American presents four points on appeal: first, that the trial court should have denied the motion for partial summary judgment because of conflicts in the pleadings and facts; second, that the order failed to comply with Florida Rule of Civil Procedure 1.510(d) because the trial court did not specify which facts were not in controversy; third, that the trial court misinterpreted the language of the policy; and last, that the trial court should have quashed the affida *958 vit of an expert witness which was filed by PDI in support of its motion for partial summary judgment.
West American bases its first argument on PDI’s denial of a request for admission and failure to answer an affirmative defense. The request for admission was a broad conclusory statement of several facts. Because of the content of the requested admission, PDFs denial did not create a material issue of disputed fact. West American also asserts that PDFs failure to formally deny its affirmative defense of no coverage created an issue of material fact which prohibited the entry of the partial summary judgment. PDI by affidavit and depositions contradicted or denied West American’s affirmative defense and met the requirements set forth in Johnson & Kirby, Inc. v. Citizens National Bank of Fort Lauderdale, 338 So.2d 905 (Fla. 3d DCA 1976). A summary judgment must be decided upon evidence and not pleadings. Connolly v. Sebeco, Inc., 89 So.2d 482 (Fla.1956).
Secondly, West American argues that the trial court failed to comply with Florida Rule of Civil Procedure 1.510(d). Appellant has failed to cite any cases from the Florida Appellate Courts and we have found none that have determined the requirements of Florida Rule of Civil Procedure 1.510(d) when the court has disposed of the entire issue of liability by summary judgment. Looking to the Federal Rules of Civil Procedure, we find that Rule 56(d) contains almost identical requirements as those set forth in Florida Rule of Civil Procedure 1.510(d). The Court of Appeals for the Sixth Circuit interpreted Rule 56(d), supra, and held:
However, Rule 56(d) is designed for those situations in which issues still remain to be litigated. Such is not the case here. The district court, in granting the motion for summary judgment, implicitly reserved only the question of damages. Under Rule 56(c) no order listing the remaining issues to be litigated was required. Lytle v. Freedom International Carriers, S. A., 519 F.2d 129, 133 (6th Cir. 1975).
Accordingly, the trial court’s order met the requirements of Florida Rule of Civil Procedure 1.510(d).
In its third point, West American contends that the trial court misinterpreted the language of the policy because the damage was caused by “surface water” or “earth movement.” West American presented testimony from several witnesses with expertise in the fields of construction and engineering. They agreed that the rain falling through the open roof caused water to pour out of the building into the drainage ditch and that the water eroded the soil causing the building to fail. None of these witnesses was qualified as an expert in the interpretation of insurance policy language. PDI presented the only expert testimony that defined the meaning of the language contained in the exclusionary provisions of the policy and more particularly the meaning of the terms “surface water” and “earth movement.” Pouring water, channeled through the doorway openings and into the drainage ditch caused the erosion of the soil and in turn the damage to the building. No dispute existed as to the manner in which the loss occurred and no dispute existed as to the interpretation of the policy language since the plaintiff presented the only competent evidence on this point. The trial judge correctly found as a matter of law that the loss was within the coverage provided by the policy.
We do not find any merit in appellant’s last point on appeal. The appellees’ expert was well qualified in the field of interpretation of the insurance policy which is the subject of this appeal. Accordingly, we affirm the judgment.
AFFIRMED.
ANSTEAD and BERANEK, JJ., concur.