BARKDULL, Judge.
The appellee Roby was involved in a rear-end collision with a car driven by a City of Miami employee in 1982. In 1985 Roby sued and sought damages for an alleged permanent back injury which resulted in the loss of his job. The central issues at trial were whether Roby did suffer a disc injury to the back from the 1982 accident, or whether his injury was the result of prior accidents. The City’s evidence reflected that the disc injury was not connected to the 1982 accident, but instead was linked to a 1972 auto accident. The City attempted to impeach Roby with his 1972 interrogatory answers given in a prior action, but was prevented by the trial court. The jury found the City liable and also found Roby comparatively negligent. The City’s subsequent motion for a new trial or remittitur based on the court’s refusal to permit impeachment of Roby through his prior interrogatory statements was denied. This appeal followed.
We find that the trial court erred, in refusing to permit the impeachment of Roby by means of his interrogatory answers in a prior suit, alleging a preexisting permanent back injury caused by an auto accident. The trial testimony was contested between the only two witnesses to the auto accident, the city employee and Roby. Appellant asserts that had Roby’s testimony and credibility been impeached, his testimony regarding the cause of the accident might have been weakened. Certainly, where a plaintiff seeks recovery six years after the collision, his memory and integrity are integral to the jury’s determination. Had the jury been aware that Roby previously had given a statement that he had suffered back injuries prior to the 1982 collision, which is contrary to what he said at trial, his testimony might have been less credible. Florida case law dictates that prior sworn inconsistent statements are a proper basis for impeachment. Hicks v. Daymude, 190 So.2d 6 (Fla. 1st DCA 1966) and Shalley v. Fiore, 161 So.2d 18 (Fla. 3d DCA 1964).
We therefore reverse and return the matter to the trial court for a new trial on all issues. Seaboard Air Line Railroad Company v. Ford, 92 So.2d 160 (Fla.1957); Clooney v. Geeting, 352 So.2d 1216 (Fla. 2d DCA 1978); Erwin v. Chaney, 160 So.2d 139 (Fla. 1st DCA 1964).
Reversed and remanded with directions.