STONE, Judge.
We affirm a judgment, following a defense verdict, in an action for personal injuries. The appellants contend that claims of their past litigiousness became a feature of the trial. See generally O’Shea v. Jewel Tea Co., 233 F.2d 530 (7th Cir.1956); Zabner v. Howard Johnson’s Inc. of Florida, 227 So.2d 543 (Fla. 4th DCA 1969); Davidson v. Eddings, 262 So.2d 232 (Fla. 1st DCA), cert. denied, 269 So.2d 371 (Fla.1972); Hicks v. Daymude, 190 So.2d 6 (Fla. 1st DCA 1966); Shalley v. Fiore, 161 So.2d 18 (Fla. 3d DCA), cert. denied, 166 So.2d 754 (Fla.1964). Upon a review of the record, we conclude that the court designed its rulings on evidence to allow only limited relevant impeachment concerning prior litigation involving injury to the same parts of the plaintiffs body. We recognize that the court admitted and the jury heard some irrelevant evidence. However, plaintiff brought out some of the irrelevant matters, did not object to others, and the balance were harmless or cumulative. Overall we find no unfair prejudice arising out of the court’s rulings; nor did the court abuse its discretion by denying appellants’ motion for mistrial or appellants’ motion for new trial.
AFFIRMED.
LETTS, J., concurs.
DELL, J., dissents without opinion.