BASKIN, Judge.
We reverse the summary judgment of foreclosure in favor of defendant Union Planters National Bank. “A court cannot grant summary judgment where a defendant asserts legally sufficient affirmative defenses that have not been rebutted.” Haven Fed. Sav. & Loan Ass’n v. Kirian, 579 So.2d 730, 733 (Fla.1991). The bank’s motion for summary judgment and supporting documents did not address or overcome the issues of fact created by Gray’s affirmative defenses. “[WJhere a defendant pleads an affirmative defense and the plaintiff does not by affidavit contradict or deny that defense, the plaintiff is not entitled to a summary judgment.” Johnson & Kirby, Inc. v. Citizens Nat’l Bank of Ft. Lauderdale, 338 So.2d 905, 906 (Fla. 3d DCA 1976).
Moreover, although Gray filed his affirmative defenses late, Fla.R.Civ.P. 1.140(a)(1), he, a pleader, has the right to respond anytime before the entry of a default. Crowder v. Oroweat Foods Co., 447 So.2d 1038 (Fla. 2d DCA 1984); Lake Towers, Inc. v. Axelrod, *1289 216 So.2d 86 (Fla. 4th DCA 1968); Fla. R.Civ.P. 1.500(c) (“A party may plead or otherwise defend at any time before default is entered.”). Gray’s affirmative defenses were filed prior to the hearing on summary judgment, no default had been sought or entered in the case, and the affirmative defenses were not struck until after the court granted the motion for summary judgment. Consequently, the court should have considered the affirmative defenses in ruling on the motion for summary judgment. As the mov-ant for summary judgment, the Bank had the burden of disproving Gray’s affirmative defenses. Because the Bank failed to meet this burden, summary judgment in its favor was error. We therefore reverse the summary judgment of foreclosure and remand for further proceedings.
Reversed and remanded.