MAY, MELANIE G., Associate Judge.
A foreclosure action and the effect of the Probate Code on a sales agreement concerning the note and mortgage on certain property provides the framework for this appeal. The appellee, Nationscredit, filed a foreclosure action against the appellant, the Estate, and others. From a summary judgment of foreclosure, the Estate appeals. We reverse.
In January, 1988, the decedent, John V. Rais, sold certain real property to Karl Lind-roos for a $550,000 purchase price. In exchange, Mr. Lindroos executed a $500,000 purchase money balloon mortgage. Approximately three months later in April, 1988, the decedent sold the mortgage and note to Na-tionscredit, pursuant to an unrecorded sales agreement.
The sales agreement provided that Nation-scredit (then Family Credit) purchase the next 55 monthly payments plus 38.082 percent of the balloon payment. The decedent retained a 61.918 percent interest in the $500,000 balloon payment to be paid when the balloon payment was made and Nation-scredit had received its full entitlement. Section 5 of the sales agreement provided that if Lindroos defaulted, the decedent would cure the default or buy back the note and mortgage upon written notice. Failure of the decedent to do either allowed Nation-scredit to foreclose the mortgage and note “for its own account.”
Mr. Rais died in October, 1989. The Estate initiated the necessary probate proceedings. Nationscredit did not file a claim against the Estate within the requisite statutory periods under Chapter 733. In July, 1992, Lindroos defaulted on the installment payments. The balloon note matured in February, 1993. In March, 1993, Nation-scredit gave the Estate notice of the default.
The Estate declined the demand to cure the default or repurchase the note and mortgage on the ground that its obligation under the sales agreement was a claim barred by the limitation periods set forth in sections 733.702 and 733.710 of the Probate Code. Nationscredit then filed an Amended Foreclosure Complaint and joined the Estate. The Estate filed an Answer and asserted *1202 twelve affirmative defenses. The first three addressed the effect of sections 733.702 and 733.710, Florida Statutes. The remaining affirmative defenses raised issues other than provisions of the Probate Code.
Both Nationscredit and the Estate filed motions for summary judgment. The motions were heard at the same time. Nation-scredit’s motion addressed solely the issue of foreclosure with accompanying affidavits. The Estate’s motion addressed solely the “contingent claim” issue under the Probate Code’s non-claim provisions. The Estate’s remaining affirmative defenses were neither addressed at the hearing nor in the orders and judgments which followed. The record does not reflect any affidavit or memorandum filed by Nationscredit addressing the Estate’s affirmative defenses.
The trial court originally granted the Estate’s motion for summary judgment and entered a final judgment on December 12,1994. The trial court denied Nationscredit’s corresponding motion for summary judgment. Nationscredit filed a motion for rehearing. The trial court granted the motion and reheard the case.
At the subsequent hearing, the trial court vacated the order and judgment in favor of the Estate and the order against Nationscre-dit and entered final summary judgment for Nationscredit. The final judgment of foreclosure specifically stated that Nationscredit “holds the lien for the total sum superior to any claim or estate of Defendant, RAIS ESTATE, on the following described property in Palm Beach County, Florida_” Further, the judgment stated that “[o]n filing the certificate of title, Defendant, RAIS ESTATE, and all persons claiming under or against Defendant, RAIS ESTATE, since the filing of the Notice of Lis Pendens shall be foreclosed of all estate or claim in the property, and the purchaser at the sale shall be let into possession of the property.”
The Estate argues that the obligation to cure the default or buy back the note and mortgage is barred by Nationscredit’s failure to file a claim against the Estate within the requisite statutory period. The bank disagrees. Neither party has affirmatively requested a determination of the rights and obligations of the parties under the unrecorded sales agreement. Thus, much of the discussion in the briefs does not appear to have been decided by the trial court at this juncture.
In fact, we believe the issue of whether a contingent claim existed under the Probate Code necessarily involves a determination of rights under the various provisions of the sales agreement. As these issues were not addressed, there remain unresolved issues of law and fact. “Simply because both sides move for summary judgment does not mean the court is required to grant one of the motions.” Spear v. Martin, 330 So.2d 543, 544 (Fla. 4th DCA 1976). See also Wilma on the Bluffs, Inc. v. CSX Transp., 559 So.2d 294 (Fla. 1st DCA 1990).
Not only are there genuine issues of material fact in this regard, but the Estate raised numerous affirmative defenses to the foreclosure action, which were not opposed by affidavit or legal memorandum, and were not addressed in the final judgment. “[W]here a defendant pleads an affirmative defense and the plaintiff does not by affidavit contradict or deny that defense, the plaintiff is not entitled to a summary judgment.” Johnson & Kirby, Inc. v. Citizens Nat’l Bank of Fort Lauderdale, 338 So.2d 905, 906 (Fla. 3rd DCA 1976).
The final judgment of foreclosure is therefore reversed and the case remanded to the trial court for proceedings consistent with this opinion.
DELL and PARIENTE, JJ., concur.