ROTHENBERG, J.
 

 The defendant, Riverwood Condominium Association-, Inc. (“Riverwood”), appeals from a final summary judgment entered in favor of the plaintiff, Litecrete, Inc. (“Li-tecrete”). Because Riverwood has made claims material to this litigation, and because these claims remain unrefuted, we reverse.
 

 BACKGROUND
 

 Riverwood entered into a general construction contract with Litecrete for the complete roofing renovation of thirty-two condominium units, new clerestory windows, and miscellaneous wood repair. Having completed all required governmental inspections, Litecrete believed that its performance under the contract had been completed and therefore demanded the balance due under the construction contract. After Riverwood failed to tender the payment, Litecrete sued Riverwood, seeking to obtain the amount owed under the contract, asserting claims of breach of contract, unjust enrichment, and account stated. The remaining amount owed under the contract is not in dispute.
 

 Riverwood, as its affirmative defense, alleges that throughout the course of the project, Litecrete caused significant damage to Riverwood’s property and performed unsatisfactory and defective work. Thus, Riverwood claims it properly withheld final payment under its contract with Litecrete, which provides that, “[pjayment may be withheld on account of (1) defective work not remedied; (2) claims filed for damages caused by Contractor....” Riv-erwood further contends that it is entitled to a setoff for some or all of the damages resulting from Litecrete’s performance of the contract.
 

 In support of its affirmative defense, Riverwood submitted the sworn affidavit and deposition testimony of Arnold Bau-man (“Bauman”), Riverwood’s manager since 1993. In his affidavit and sworn deposition testimony, Bauman avers that: (1) the work performed by Litecrete was defective; (2) the contract provides that payment may be withheld based on defective, unremedied work and for damages
 
 *985
 
 caused by the contractor in performance of the contract; (B) the defective work has not been fully remedied; and (4) Litecrete caused damage to Riverwood’s property which has not been remedied.
 

 STANDARD OF REVIEW
 

 Our standard in reviewing an order granting summary judgment is de novo.
 
 See Bldg. Educ. Corp. v. Ocean Bank,
 
 982 So.2d 37, 40 (Fla. 3d DCA 2008). “Summary judgment is correctly granted when the record evidence shows there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law.”
 
 Edwards v. State Farm Fla. Ins. Co.,
 
 64 So.3d 730, 732 (Fla. 3d DCA 2011) (citing Fla. R. Civ. P. 1.510(c)). Further,
 

 [o]n appeal from summary final judgment, the appellant is entitled to have the record reviewed so that every reasonable inference is drawn in his favor. Conversely, the moving party has the burden of conclusively showing the absence of genuine issues of material fact. If the existence of such issues, or the possibility of their existence, is reflected in the record, or the record even raises the slightest doubt in this regard, the summary final judgment must be reversed.
 

 Williams v. Fla. Realty & Mgmt. Co.,
 
 272 So.2d 176, 177 (Fla. 3d DCA 1973).
 

 ANALYSIS
 

 Riverwood contends that the trial court erred in granting summary judgment in favor of Litecrete for two reasons: (1) Riverwood has asserted an affirmative defense which has not been contested; and (2) Bauman’s affidavit and deposition testimony raise issues of material fact which bar summary judgment. We agree.
 

 “The law is clear that where a defendant pleads an affirmative defense and the plaintiff does not, by affidavit or other sworn evidence, negate or deny that defense, the plaintiff is not entitled to summary judgment.”
 
 Maung v. Nat’l Stamping, LLC,
 
 842 So.2d 214, 216 (Fla. 3d DCA 2003); see
 
 also Emile v. First Nat’l Bank of Miami,
 
 126 So.2d 305, 306-07 (Fla. 3d DCA 1961) (finding that a plaintiff is not entitled to summary judgment as a matter of law where the defendant has raised an affirmative defense of setoff and the plaintiff has not presented any evidence in contradiction or opposition to that defense).
 

 Riverwood has asserted the affirmative defense of setoff, which has not been refuted by Litecrete. In support of its affirmative defense, Riverwood filed Bauman’s affidavit and deposition testimony, wherein Bauman averred that Litec-rete performed defective work and damaged Riverwood’s property. The defective work and damages alleged are as follows: (1) damage to four patio enclosures, with an estimated per unit cost of repair for three of the units at $5400 and for the remaining unit at $9200; (2) defective installation of one of the clerestory windows which has an unresolved leak with an approximate repair cost of $1400; (3) damage to a parking lot as a result of the contractor’s use of equipment with an estimated repair cost of $2800; (4) a fence that was reinstalled incorrectly and encroaches on neighboring property with an estimated repair cost of $985; and (5) improperly installed gutters, for which no price estimate exists at this time. Litecrete has offered no direct opposition to any of these alleged damages. Therefore, it is clear that Bauman’s affidavit raises material issues of fact which precludes summary judgment.
 

 In support of its argument that the trial court correctly granted summary judgment, Litecrete argues that the trial court improperly considered Bauman’s affidavit at the summary judgment hearing
 
 *986
 
 because it was not timely filed. Litecrete however, failed to raise below any argument regarding the timeliness of Bauman’s affidavit, and Litecrete cannot raise this issue for the first time on appeal. The issue is therefore waived.
 
 See Castor v. State,
 
 365 So.2d 701, 703 (Fla.1978) (“As a general matter, a reviewing court will not consider points raised for the first time on appeal.”).
 

 Additionally, Litecrete contends that the information contained in the affidavit was not based on personal knowledge, and therefore, the affidavit was improperly considered. In support of this proposition, Litecrete relies on
 
 Florida Power Corp. v. Zenith Industries Co.,
 
 377 So.2d 203 (Fla. 2d DCA 1979), which held that an affidavit filed in support of summary judgment which is based on the affi-ants “personal opinion” is inadequate.
 
 Fla. Power,
 
 377 So.2d at 204 n. 1 (citing
 
 Arkin Constr. Co. v. Simpkins,
 
 99 So.2d 557 (Fla.1957)). We disagree and conclude that Litecrete’s reliance on
 
 Florida Power
 
 is misplaced, because, whereas the affidavit in
 
 Florida Power
 
 was based on personal opinion, Bauman’s affidavit was based on his own personal knowledge. Bauman served as Riverwood’s manager since 1993, and he testified that he was personally aware of the condition of the condominium units and the condition of Riverwood’s property before and after the renovation. Thus, the trial court properly considered Bauman’s affidavit when ruling on the motion for summary judgment.
 

 Litecrete also contends that if the court were to determine factual issues with regard to the setoff claimed by Riverwood, Litecrete would be entitled to partial summary judgment in an amount equal to the claimed balance less specific amounts as to the setoff. Litecrete is incorrect. River-wood was justified in withholding an amount greater than the cost to repair the defective work because the contract provides that the prevailing party to litigation shall be entitled to attorney’s fees, including appellate attorney’s fees. The contract provides that payment may be withheld for damages incurred. Attorney’s fees are damages under the contract and were pled. Therefore, partial summary judgment requiring Riverwood to pay Litecrete for the work done, less the alleged cost for repairs, was error because it did not take into consideration Riverwood’s additional damage in the form of attorney’s fees.
 

 CONCLUSION
 

 Because unrefuted claims were alleged in Bauman’s sworn affidavit and deposition testimony, and attorney’s fees were not taken into consideration in the summary judgment award, the trial court erred in granting summary judgment and partial summary judgment. We therefore reverse and remand for further proceedings consistent with this opinion.
 

 Reversed.