SHEPHERD, J.
This is an appeal from a final order granting a judgment creditor’s motion for summary judgment in a proceeding supplementary filed against the judgment debtor’s wife. The order set aside the transfer by quitclaim of two parcels of real property on the ground they were fraudulently made in violation of sections 726.105(1) and 726.105(2), Florida Statutes (2009). Because the judgment creditor failed in his obligation to demonstrate there are no genuine issues of material fact and he is entitled to judgment as a matter of law, we reverse the final summary judgment for further proceedings.
The underlying action arose out of a failed business transaction between Alberto Weissfisch and Roberto Calarese. The action commenced November 3, 2003. On August 4, 2005, Weissfisch obtained a Default Final Judgment against Roberto Ca-larese in the sum of $123,304.04. Roberto Calarese’s wife, Maria Calarese, was not a party to the underlying action.
On March 3, 2003, six months before Weissfisch commenced the action, Roberto Calarese engaged in the two real property transfers at issue in this case. By one quitclaim deed, “ROBERTO CALARESE AND MARIA F. CALARESE, HUSBAND AND WIFE,” purported to convey a business parcel located in Miami-Dade County to “MARIA FELISA CA-LARESE, a married woman (“Grantee”) whose post office address is: 2547 Lane, *1227 Weston, Florida 33827.” By the second quitclaim deed, notarized the same day by the same notary public, “ROBERTO VICTOR CALARESE” purported to convey the Jardine Lane property, which appears to be Maria Calarese’s residence, to Maria Calarese.
On February 8, 2010, Weissfisch commenced the supplementary proceeding by third-party complaint against Maria Ca-larese. Notably, however, the third-party complaint sought only to set aside the quitclaim deed relating to the business parcel.[1] According to Weissfisch’s motion for summary judgment, he discovered the second quitclaim deed just five weeks before he filed the motion for summary judgment. However, he did not seek to amend the third-party complaint to include the second deed before the trial court entered the summary final order voiding both deeds.
As we have stated on more than one occasion, on a motion for summary judgment the burden of proof is on the moving party to show there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. Holl v. Talcott, 191 So.2d 40, 43 (Fla.1966). “Until it is determined that the movant has successfully met this burden, the opposing party is under no obligation to show that issues do remain to be tried.” Id. The movant also has the burden to conclusively refute, by disproving or establishing the legal insufficiency of, affirmative defenses raised by the opposing party. See O’Neal v. Brady, 476 So.2d 294, 294 (Fla. 3d DCA 1985); see also Gray v. Union Planters Nat’l Bank, 654 So.2d 1288, 1288 (Fla. 3d DCA 1995) (“Where a defendant pleads an affirmative defense and the plaintiff does not by affidavit contradict or deny that defense, the plaintiff is not entitled to a summary judgment.” (quoting Johnson & Kirby, Inc. v. Citizens Nat’l Bank of Ft. Lauderdale, 338 So.2d 905, 906 (Fla. 3d DCA 1976))).
A careful review of the record in this case reflects Weissbach failed to conclusively refute the affirmative defenses raised by Maria Calarese, including, at a minimum: (1) the third-party complaint failed to state a cause of action with respect to the business parcel; (2) the tenancy by which she and her husband held title to the business parcel at the time of the transfer was a tenancy by the entireties, which, if true, would obligate the trial court to deny relief to Weissfisch as to that parcel, see Beal Bank, SSB v. Almand & Assocs., 780 So.2d 45, 53 (Fla.2001); (3) execution on the residential parcel is precluded by operation of Florida’s constitutional homestead provision, article X, section 4 of the Florida Constitution; and (4) with respect to either parcel, any fraudulent transfer claim is barred by section 726.110, Florida Statutes (2009), which extinguishes a cause of action under section 726.105(l)(a), unless the action is brought “within [four] years after the transfer was made or the obligation was incurred or, if later, within [one] year after the transfer or obligation was or could reasonably have been discovered by the claimant.”
Reversed and remanded for further proceedings.

. The record reflects the quitclaim deed on the business parcel was recorded in the public records of Miami-Dade County on November 7, 2003, four days after Weissfisch filed his complaint against Alberto Calarese. There is no evidence in the record concerning whether the residence quitclaim was ever recorded. This fact might explain the apparent differing dates of discovery of the deeds by Weissfisch.