# Third District Court of Appeal

## State of Florida

Opinion filed October 31, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

Nos. 3D17-1839 & 3D17-1542
Lower Tribunal No. 15-9441
_____


**American Shuttle, Inc.,**
Appellant,

vs.

**In Re: Martin Zilber, vs. Southern
Shuttle Services, Inc., etc.,**
Appellees.


Appeals from the Circuit Court for Miami-Dade County, Jorge E. Cueto, Judge.

Patino & Associates, P.A., and Ralph G. Patino; Ralph O. Anderson P.A., and Ralph O. Anderson (Fort Lauderdale), for appellant.

Roniel Rodriguez IV, P.A., and Roniel Rodriguez IV, for appellee Harvard Financial Services LLC a/a/o Martin Zilber.

Before ROTHENBERG, C.J., and SALTER, and LINDSEY, JJ.

PER CURIAM.

American Shuttle, Inc. ("American Shuttle") appeals the trial court's order granting final summary judgment in favor of Harvard Financial Services LLC ("Harvard Financial Services") and the subsequent denial of its motion for rehearing or post-judgment relief. Because there are genuine issues of material fact, we reverse.

The underlying action surrounds the execution of an asset purchase agreement between American Shuttle and Southern Shuttle Services, Inc. American Shuttle was not an original party. The original proceedings were between Martin Zilber and Southern Shuttle. A judgment was entered against Southern Shuttle in the amount of $103,269.63. American Shuttle was named a party defendant after the trial court granted plaintiff assignee Harvard Financial Services' motion to invoke supplementary proceedings and implead third parties on September 1, 2016.

On January 30, 2017, the trial court issued a notice to appear to the three impleaded party defendants under section 56.29, Florida Statutes (2018). Contained in the notice to appear was a provision requiring the defendants to file an answer and assert any affirmative defenses within ten days of service. Furthermore, the notice added that any evidence offered in support of any affirmative defense after the deadline would be inadmissible at trial. American Shuttle timely filed its answer and affirmative defenses on February 9, 2017.

On April 6, 2017, Harvard Financial Services filed a motion for summary judgment against American Shuttle. Harvard Financial Services argued that the deposition testimony of American Shuttle's corporate representative, Robert Beers, was inconsistent with his earlier affidavit filed in conjunction with American Shuttle's affirmative defenses. On May 25, 2017, American Shuttle filed a response to the motion for summary judgment attaching new evidence to corroborate its defenses. On May 31, 2017, the trial court held a hearing on the motion. At the outset, the trial court ruled that it would not consider the new evidence proffered by American Shuttle as it was untimely. In so doing, the trial court granted the motion for summary judgment against American Shuttle and entered a judgment for damages in the amount of $103,269.93.

American Shuttle filed a timely first appeal as a precautionary measure on June 20, 2017 pending resolution of its motion for rehearing or post-judgment relief. On July 13, 2017, the trial court denied the motion for rehearing or post-judgment relief. American Shuttle subsequently filed a second timely appeal on August 8, 2017, challenging the denial. The appeals were consolidated upon order of this court. American Shuttle argues that its fifth affirmative defense asserting the payment of all sums due under the asset purchase agreement and Robert Beers' sworn affidavit and testimony raise a genuine dispute of material fact. We agree. Based on the record before us, we conclude a genuine dispute of

3

material fact exists regarding whether American Shuttle has paid all sums due under the asset purchase agreement. <u>Gidwani v. Roberts</u>, 248 So. 3d 203 (Fla. 3d DCA 2018) (reversing summary judgment where the moving party failed to proffer evidence conclusively establishing the absence of a genuine issue of material fact); <u>Calarese v. Weissfisch</u>, 87 So. 3d 1225 (Fla. 3d DCA 2012) (reversing summary judgment where the defendant's affirmative defenses were not conclusively disproved by affidavit or other sworn evidence); <u>Riverwood Condo. Ass'n Inc. v. Litecrete, Inc.</u>, 69 So. 3d 983 (Fla. 3d DCA 2011) (reversing summary judgment where the moving party did not refute the defendant's affirmative defenses and allegations in a sworn affidavit and deposition testimony were not challenged).

      Reversed and remanded.